IN THE MATTER OF THE ASSIGNMENT, ETC., OF O. M. SHONKWILER, I. N. DRAKE, and O. M. WHITMAN v. D. T. STEWART AND GEORGE ATKINSON.

| 104 | 67 |
| 125 | 430 |

Mulct Law: PHARMACIST'S PERMIT. Under Acts Twenty-fifth General Assembly, chapter 62, section 1, which provide for the assessing of a tax for the selling of liquors against persons, other than registered pharmacists holding permits, such a pharmacist is not liable for the tax although selling liquor in violation of his permit. A statute which is clearly expressed must be given the effect of the legislative intent as thus expressed.

*Appeal from O'Brien District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FRIDAY, DECEMBER 17, 1897.

*W. P. Briggs* for appellants.

*Milt H. Allen* for appellees.

KINNE, C. J.—I. Defendant Stewart was the owner of certain real estate in the town of Hartley, O'Brien county, Iowa. He was conducting, in 1895, upon said premises, a drug store and pharmacy. Defendant Atkinson was employed by Stewart as a clerk in said pharmacy, and both appellees were registered pharmacists, and their certificates as such were in force. The district court of O'Brien county, in May, 1890, issued a permit to defendant Stewart, under the laws of this state, authorizing him to keep and sell intoxicating liquors in his pharmacy for certain purposes, which permit was in full force in the year 1895, and at the time of the assessing of the tax hereinafter mentioned. In June, 1895, the assessor of the town of Hartley assessed against the defendant and against the premises a tax of six hundred dollars for selling intoxicating liquors in and upon said premises during said year, said assessment being made under the provisions of chapter 62, Acts Twenty-fifth General Assembly, known as the "mulct law." Under said assessment, the board of supervisors of said county levied a tax of six hundred dollars against the defendant and against said premises. Thereafter defendant presented a petition to said board of supervisors for the abatement of said assessment and tax, and, upon a hearing thereon, said board, finding that said tax was wrongfully assessed and levied, did abate and cancel the same. Plaintiffs appealed from the decision of said board to the district

court of said county. Upon a trial and hearing had before said court, the action of the board of supervisors in abating said tax was approved, and a judgment was entered against said plaintiffs for costs. They appeal.— *Affirmed*.

II.    This record presents a single question for our determination. · If a registered pharmacist, who has a permit for the keeping and selling of intoxicating liquors under the laws of this state, keeps for sale or sells intoxicating liquors in violation of his permit, is he liable to the payment of the tax imposed under the provisions of the mulct law? Section 1, chapter 62, Acts Twenty-fifth General Assembly, provides: "There shall be assessed against every person, partnership or corporation, other than registered pharmacists holding permits, engaged in selling or keeping with intent to sell, any intoxicating liquors, and upon any real property and the owner thereof, within or whereon intoxicating liquors are sold, or kept with intent to sell in this state, a tax of six hundred dollars per annum." Section 2 provides that it shall be the duty of the assessor to return to the county auditor of each county "a list of places, with name of occupant or tenant, and owner or agent, where intoxicating liquors are sold, or kept for sale as herein contemplated, with a description of the real property wherein or whereon such traffic is conducted." It is not necessary to refer to other sections of the act. By section 1 of the act, "registered pharmacists holding permits" are expressly exempted from this tax. The argument of appellant is that the legislature must have intended that the exemption should not apply to such registered pharmacists holding permits who sell intoxicating liquors in v'olation of said permits. The statute makes no such provision, and we cannot assume the prerogatives of the legislature, and add to its plain provisions. If the statute was ambiguous or uncertain as to the persons or property

who should be subject to this tax burden, we might well follow appellants' suggestion, and seek for the intent of the legislature in the enactment of the act. Indeed, if the language of the act was such as that it was subject to two constructions, one of which would effectuate the manifest intent of the law-making power, it might be our duty to give effect to that intent. But such is not the case. Section 45 of the Code of 1873 provides: "In the construction of the statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the general assembly or repugnant to the context of the statue." And in paragraph 2 of said section it is provided: "Words and phrases shall be construed according to the context and the approved usage of the language." Here is a statute plainly exempting certain persons from the tax imposed. There is no other provision in the act which even tends to show that the legislature did not intend just what the plain provisions of this exception, construed according to the approved usage of the language, mean. · This is the only statute which undertakes to impose a tax upon the business of keeping for sale or selling intoxicating liquors. This court is committed to the rule that, when the legislative intent is clearly expressed, it is our duty to so construe the statute as to give force and effect to such intent. *French v. French*, 84 Iowa, 655. Many rules might be referred to touching the construction of statutes, but it is not necessary that we do so, in view of the plain provisions of the section under consideration. Indeed, it is a case where the language used is too plain to require construction. The action of the district court was proper.—Affirmed.