In the Matter of the Estate of William E. King, Deceased, on the Petition of E. J. Christie, Administrator, and Lydia M. King, Appellees, v. B. King, Administrator, and the Burlington, Cedar Rapids & Northern Railway Company, Appellants.

Executors and Administrators: JURISDICTION OF COURTS. The county of the residence of the decedent has exclusive jurisdiction to grant letters of administration. under Code, 1873, section 2312, as amended, providing that the district court of each county shall have "exclusive jurisdiction" of the appointment of administrators.

SAME. The district court of the county in which the decedent resided, which, by Code, 1873, section 2312, as amended, has exclusive jurisdiction of the appointment of administrators, may properly ignore

a void appointment by the district court of another county, and take any necessary steps to settle the estate.

SAME. In proceedings to annul letters of administration granted without jurisdiction, the court has no power to pass on the validity 5 of a settlement made by the administrator. Its powers are confined to annulling the letters issued by it.

SAME: *Transfer.* Proceedings for the administration of an estate, commenced in another county than that in which decedent resided, which latter county, under Code, 1873, section 2312, as 4 amended, has exclusive jurisdiction of such proceedings, should not be transferred to the county of the decedent's residence, as there is nothing to transfer.

Judgment: COLLATERAL ATTACK. The appointment of an administrator by the district court of another county than that in which 3 decedent resided, in violation of Code, 1873, section 2312, as amended, may be collaterally attacked where the petition for letters recites that the decedent resided in another county, thus showing the want of jurisdiction on its face

Construction of Statute. If a statute is ambiguous or obscure, the 2 court will consider consequences, in interpreting it.

*Appeal from Linn District Court.*—HON. H. M. REMLEY, Judge.

WEDNESDAY, MAY 11, 1898.

THIS proceeding was instituted, primarily, to annul the letters of administration issued in said estate to the defendant B. King. The district court adjudged the appointment of King void, and canceled his commission. From this judgment the defendants appeal. There was also an appeal by plaintiffs from another branch of the court's order, to which further reference will be hereafter made.—*Affirmed.*

*J. C. Cook, Thos. H. Milner* and *J. C. Leonard* for appellant B. King.

*S. K. Tracy* for appellant Burlington, C. R. & N. Ry. Co.

*Rickel & Crocker* for appellees.

WATERMAN, J.—William E. King, a resident of Emmet county, in this state, was in the employ of defendant railway, and was killed in a collision on its road, caused, as is claimed, by the negligence of the railway company. King was unmarried. His sole heirs at law were his father and mother, who were living separate and apart. The mother's home was in Blackhawk county, and the father was living in Benton county, in this state, at the time of the son's death. The general offices of the railway company were in Cedar Rapids, in Linn county; and at the time of King's death the company was indebted to him in the sum of thirty-one dollars and sixty-five cents for wages due. Very shortly after King's death, which occurred on November 7, 1895, his trunk, containing some property, was sent by the railway company to Cedar Rapids; and on the twelfth day of that month his father, B. King, petitioned the district court of Linn county for letters of administration upon his estate. On the same day letters were issued by said court, and the administrator was, by an order in proper form, authorized to settle the claim of the estate against defendant railway, which was based upon the alleged negligence of the latter in causing the death of intestate. On the thirteenth day of November, 1895, the administrator filed his first report, reciting that he had collected the wages due deceased, and had settled the claim for his death with the railway company for the sum of one thousand dollars, all of which was duly approved by said court. The mother of the intestate has never accepted any part of the money so obtained from the railway company. On October 28, 1896, the plaintiff E. J. Christie was duly appointed administrator of the estate of said William E. King by the district court of Emmet county, and has qualified and given bond as such. On November

17, 1896, Christie and Lydia M. King, the mother of decedent, instituted this proceeding to have the letters of administration to B. King annulled, and also asking that the settlement with the railway company be declared void and of no effect. The district court revoked the letters to King but declined to make any further order in the matter. Both parties appealed; plaintiffs excepting to the court's refusal to annul the settlement with the railway company. The appeal of defendants being first perfected, they are denominated the appellants.

II.    The first question presented by the record is as to the jurisdiction of the Linn district court. Section 2312 of the Code of 1873, as amended by chapter 134, Acts Twenty-first General Assembly, provides: "The district court of each county shall have original and exclusive jurisdiction of the probate of wills and the appointment of such executors, administrators or trustees as may be required to carry the same into effect; of the settlement of the estates of deceased persons," etc. Appellants' contention is that the courts of counties where property of deceased is located have concurrent jurisdiction to administer the estate; the one first taking action to hold, as against the others. Appellees insist that the county of the residence is the seat of exclusive jurisdicton. The rule contended for by appellants might well be productive of much mischief, and we are not inclined to adopt it, unless compelled to do so by the plain and explicit provisions of the law. In the Code of 1851, section 1272, and in the Revision of 1860, section 2304, the jurisdiction of the county courts, which were then the courts of probate, was expressly limited to the settlement of the "estates of all persons who at the time of their death were residents of the county or who die non-residents of the state, having property to be administered upon

within the county," etc. Section 225 of the present
Code contains substantially the same provision with
relation to the district court, which now, and for some
years past, has had jurisdiction of matters in probate.
It seems that before 1873, and since the adoption of
the Code of 1897, the policy of our law has been to make
the county of the residence of the decedent the place
of jurisdiction for the settlement of his estate.   The
Code of 1873 vested this jurisdiction in the courts of
"each county." This expression is manifestly a limita-
tion or restriction.   If it be said that it means each
county in which the decedent left property, there might
be very many of these.   No one does or will claim that
it means any county in which the party may die.   There
is then but one other fact by which to fix the jurisdic-
tion, and that is the fact of residence, and this fixes it
always in some one county.   A man can have at any
one time but one legal residence.   It is easily and
always ascertainable.   And we think it is by this that
the jurisdiction in the settlement of estates is to be
determined, and the county fixed in which the proceed-
ings are to be conducted, so far as regards residents
of the state.   The section of the Code under consider-
ation is not so explicit in its terms as might be desired,
but its context shows quite clearly that the legislative
thought was that the jurisdiction of the court was to
be confined to the county of decedent's domicile.   Sec-
tion 2338, Code 1873, provides that any person having
the custody of a will must deposit it with "the clerk."
And the following sections provide with relation to
the "court or clerk" fixing the time for proving the
will; of "the clerk" giving notice, etc.   No particular
court or clerk is mentioned or pointed out.   The
assumption seems to be that the preceding section (2312)
has settled that matter.   But it does not settle it unless
it points out some one county, and only one, in the

state, where such jurisdiction is vested. It would produce much confusion, and perhaps some harm, if, upon the death of a resident owning property in different counties, administration of his estate might be had in some county remote from his residence, simply because at his death some part of the assets of his estate should be there found. If the legislative intent is clear, we have nothing to do with consequences; but, if the statute is ambiguous or obscure, we may well and properly consider results, in interpreting it. Our conclusion is that the district court of Emmet county had exclusive jurisdiction to appoint an administrator of the estate of William E. King, and that the appointment made by the Linn district court was void.

III. The appointment of B. King being void, it was proper for the Emmet district court to ignore what was done in Linn county, and take any necessary steps to settle the estate. Indeed, B. King's appointment being void, it might have been collaterally attacked. His petition for letters recited that the residence of deceased was in Emmet county, thus showing upon its face the want of jurisdiction in Linn county. *Moore's Estate v. Moore,* 33 Neb. 509 (50 N. W. Rep. 443); *Sitzman v. Pacquette,* 13 Wis. 291; *Chase v. Ross,* 36 Wis. 267.

IV. Appellants say that the remedy of appellees, if the district court of Linn county had no authority to settle the estate, was to have the proceeding transferred to Emmet county. But this is not a case of want of proper venue. There was a lack of jurisdiction. There was nothing to transfer. We might add, further, that the statute makes no provision for any such proceeding as the transfer of estates from one county to another.

V. When the Linn district court annulled and recalled the letters issued to B. King, we think it did

all that it had any power to do. The effect of the settlement with the railway company, and the rights of the parties under it, must be determined in some other tribunal, and in some other manner. On both appeals the action of the district court is AFFIRMED.