FRANK SARBY et al., Appellants, v. NELLIE V. MOREY, County Superintendent, Appellee.

OCTOBER 16, 1928.

REHEARING DENIED JANUARY 23, 1929.

*Donnelly & Lynch,* for appellants.

*James E. Remley* and *C. B. Paul,* for appellee.

ALBERT, J.—It appears from the record that at one time there existed a school corporation known as the Independent School District of Olin. By due and proper proceedings, a con-solidated school district was formed, including said Independent School District of Olin and adjoining and adjacent territory. At the time of the creation of the consolidated district, the Independent District of Olin had outstanding bonds in the amount of about $5,000. These bonds matured after the consolidation, and the consolidated district refunded the same by issuing new bonds to pay off the old. At the time of the trial of this case in the district court, these bonds of indebtedness had been reduced to about $2,000.

Without any stretch of imagination, it is apparent that there has been some dissension among the parties interested in this consolidated school district, as the record shows that there have been several lawsuits growing out of the same, and some appeals, and also two prior attempts to dissolve this district.

On the 14th day of May, 1927, a petition was filed with the county superintendent for a dissolution of this consolidated

school district, and time for hearing was set by the county superintendent, and notices of such hearing were duly given. Objections were filed by the interested parties, and a hearing was had, at the time fixed, before the county superintendent, who entered the following order:

"And the county superintendent of Jones County, being fully advised, hereby orders that said petition be and the same is hereby dismissed, in accordance with Section 4188, Code of Iowa."

After the making of this order, the present suit was instituted, praying a writ of mandamus demanding that the county superintendent approve the petition filed before her for the proposed dissolution of the district.

Several questions are discussed in the able briefs and arguments of the respective counsel; but, as we view it, there is one question decisive of the case, to which we now give attention.

Counsel for appellants frankly concedes that, if the defendant had any discretion in the matter submitted at the hearing before her above referred to, then plaintiffs must fail, because mandamus would not lie where an officer has the right to exercise a discretion. So the ultimate question is whether or not the county superintendent had any discretion in the matter so submitted to her.

No question is raised by appellants as to the validity of the refunding bonds issued by the consolidated school district.

Section 4188, Code of 1924, provides for the manner and method by which consolidated school corporations may be dissolved, and among other things, provides for the filing of a petition, signed by a majority of the voters residing within the corporation, and that, on the filing of the same, the county superintendent shall fix a date for filing objections and hearing. The statute further provides:

"On the final day fixed for filing objections, the interested parties may present evidence and arguments to the county superintendent, and the county superintendent shall review the matter on its merits and within five days after the conclusion of any hearing, shall rule on any objections and enter an order of approval or dismiss said petition, and shall at once publish this order in some newspaper in which the original notice was published."

. So far, this section gives an absolute discretion to the county superintendent to approve or dismiss the petition. But the section further provides:

. "Where such district for which petition for dissolution has been filed, has not issued bonds, or built a school building, the county superintendent shall at once approve such petition."

This section further provides that, if the petition is approved, an election shall be called and held, as provided in Sections 4164 and 4165 of the Code.

We therefore have the question as to the force and effect of the last paragraph of the aforesaid section, as above quoted. The appellants' contention is that there were no bonds in fact issued, within the meaning of this section, and it is also conceded that there was no schoolhouse built; therefore, appellants say that the county superintendent had no discretion whatever, and it was her duty to at once approve said petition. This is the point of dispute between the parties. ·

Appellee argues that this section needs no interpretation, because it is clear and concise on its face: to wit, that there are two conditions that must exist, to deprive the county superintendent of the discretion given to her in the former part of the same section. That is to say: First, that there have been no bonds issued (outstanding); and second, that no schoolhouse has been built. If either of these conditions exists, then the county superintendent has a discretion which cannot be reviewed or controlled by mandamus proceedings.

Both parties concede that no schoolhouse has been built. We then have the question as to whether or not bonds have been issued, within the meaning of this section, which would deprive the county superintendent of her discretion.

Appellants contend that the refunding bonds above referred to are not bonds of the kind or character contemplated by Section 4188, but insist that the bonds referred to are such as have  been legally authorized by the voters of the consolidated school district. With this contention we cannot agree. We have some settled rules of construction in this state which we have quite consistently followed. Generally stated, our rule is that, where a statute is clear, plain, and unambiguous, there

is no room for construction. *In re Estate of King*, 105 Iowa 320; *In re Assignment of Shonkwiler*, 104 Iowa 67; *Fry v. Fry*, 125 Iowa 424.

Upon application of the rule of our former decisions to the instant case, it is quite apparent that the very reading of this provision of the statute shows the incorrectness of the argument of appellants, in order that the county superintendent shall be deprived of her discretion; or, in other words, the portion of the section which provides that, under certain conditions, she must at once approve the petition, needs no construction, as it is self-explanatory.

The Wisconsin Supreme Court, in *Rossmiller v. State*, 114 Wis. 169 (89 N. W. 839, 840), said, in substance, that, where there is no need of construction, there is no necessity for any rules of construction. We think this section means exactly what it says: that there are two instances in which the county superintendent is deprived of the discretion provided in the former part of the section quoted,—that is to say, in event that there has been a school building constructed, or where the district has issued bonds, then, in either event, the superintendent has a discretion, and rightly so, we think, because of the complications that would arise in event of a dissolution of a consolidated school district under such circumstances.

With the contention of the appellants that the refunding bonds are not the kind or character of bonds intended to be covered by this section of the statute we cannot agree. The section itself makes no distinction whatever among the various kinds of bonds which such districts are permitted, under the law, to issue, and we can find nothing that would warrant us in making such distinction.

This conclusion having been reached, it follows that the county superintendent was acting within the discretion given to her by law, and the writ of mandamus prayed for herein was rightly refused by the district court.—*Affirmed.*

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.