Metropolitan Life Insurance Company of New York City, Appellee, v. Marx E. Reimer et al., Appellants.

No. 43085.

December 17, 1935.

Kimball, Peterson, Smith & Peterson, and G. C. Wyland, for appellants.

Tinley, Mitchell, Ross & Everest, for appellee.

Mitchell, J.—On the 25th day of May, 1933, the Metropoli-

tan Life Insurance Company of the city of New York, a corporation, filed its petition in Pottawattamie county, Iowa, against Marx E. Reimer and Meta Reimer, in which it alleged that the defendants had made, executed, and delivered to Annis & Rohling Company their certain promissory note in the sum of $40,000, due June 1, 1938; that said note provided for the payment of interest at the rate of 5 per cent, payable annually on the 1st day of June in each year; that, collaterally with the execution of the note and as a part of the same transaction and to secure the payment of the same, Marx E. Reimer and his wife, Meta Reimer, made, executed, and delivered for a valuable consideration, to Annis & Rohling Company, their certain real estate mortgage covering the property described in the petition; that under date of May 28, 1928, the said Annis & Rohling Company for valuable consideration sold, assigned, and transferred the note and mortgage to the plaintiff; that there was default in the payment of interest and taxes; and that, because of failure to pay the interest and taxes as they became due, according to the provisions of the note and mortgage, the entire note and mortgage became in default. They prayed for judgment in the full amount and for foreclosure of the mortgage, and that special execution issue for the sale of the said described property. Notice was given as by law provided, and on the 27th day of September, 1933, a decree of foreclosure was entered. It recited that the Metropolitan Life Insurance Company appeared by its attorneys, Tinley, Mitchell, Ross & Everest, and the defendants Marx E. Reimer and Meta Reimer appeared by their attorney, George Wyland, and that the defendants consented to entry of the decree in the form in which it was entered. No answer was filed by the defendants. On the 7th day of October, 1933, special execution duly issued out of the office of the clerk of the said court, directed to the sheriff of Pottawattamie county, and, pursuant to said special execution, sale of the premises was had on November 8, 1933, at 10:30 o'clock a. m., and the premises struck off to the Metropolitan Life Insurance Company for the sum of $41,302.93, leaving a deficiency judgment in an amount of approximately $4,000. Said execution was on November 8, 1933, returned by the sheriff of Pottawattamie county, Iowa, marked, "Satisfied in part". On January 30, 1934, there was an order entered by the district court, appointing W. E. Oxley as receiver of the said premises, directing that

Marx E. Reimer and Meta Reimer should have the first oppor-
tunity to lease the land. There appeared to be no objection
made to the appointment of the receiver by the defendants. On
October 19, 1934, there was an application filed by Marx E.
Reimer and Meta Reimer, in which they set out that they are
the owners of the said land described in the foreclosure petition;
that foreclosure decree had been entered and sheriff's deed would
issue on or about November 8, 1934, unless the time for them to
redeem was extended. They asked that the period of redemption
be extended as provided by law. To this application there was
filed a resistance by the Metropolitan Life Insurance Company.
On November 5, 1934, Marx E. Reimer filed an application for
extension of the redemption period, in which he said that he was
the owner of the said premises, and that application was made
under the provisions of chapter 179 of the laws of the 45th Gen-
eral Assembly of the state of Iowa, known as House File 350.
He asked for an extension of the redemption period until March
1, 1935, stating that he was entitled to the possession of said
premises. There appears to be no difference between the appli-
cation of November 5th and the application of October 19th,
except that the application of November 5th is filed by Marx E.
Reimer alone and it is a little more explicit than the one of
October 19th. Both of these applications were set down for hear-
ing, and on January 14, 1935, after a hearing before the court,
both sides being duly represented by counsel, the lower court
overruled the application for the extension of the redemption
period and directed the sheriff of Pottawattamie county, upon
the presentation of the sheriff's certificate, to issue sheriff's deed
to the holder and owner of said certificate. On February 28,
1935, Marx E. Reimer filed an application for extension of the
redemption period. This time the application recited that it
was filed under House File No. 84 (chapter 110) of the Acts of
the 46th General Assembly of the state of Iowa. To this appli-
cation a resistance was filed by the Metropolitan Life Insurance
Company. On the 10th day of April, 1935, after a hearing,
both parties being represented by counsel, the lower court en-
tered an order, overruling and denying the application for ex-
tension of the redemption period.

From the ruling and judgment of the lower court, refus-
ing to grant the extension as prayed for in all three applications,
Marx E. Reimer and Meta Reimer have appealed to this court.

We find that we have two propositions that confront us in this case. The first one is whether or not these parties were entitled to an extension of the period of redemption under chapter 179 of the Acts of the 45th General Assembly; the second, whether or not they were entitled to an extension of the period of redemption under House File No. 84, Acts of the 46th General Assembly.

The first two applications for extension of the redemption period involved the construction of chapter 179 of the Acts of the 45th General Assembly. Why there were two filed does not definitely appear in the record. The second application is set out a little more in detail, but in both the same relief is sought.

■■ The material portions of chapter 179, which were an issue in this case, are included in section 1 of that chapter and are as follows:

"Section 1. In any action, for a real estate foreclosure of a mortgage or a deed of trust, which has been commenced in any of the courts, and in which a decree has been or may hereafter be entered, but the redemption period, as now provided, has not expired, upon application of the owner or owners of such real estate, the court shall, unless upon hearing upon said application good cause is shown to the contrary, order that no sheriff's deed shall be issued until March 1, 1935, and in the meantime the such owner or owners may redeem such property, and are entitled to possession thereof."

It must be kept in mind that in the applications which the appellants filed they were asking for an extension of the redemption period and were not asking for a continuance of the case. They specifically state that they are brought under chapter 179 of the Acts of the 45th General Assembly, which is the redemption statute, and their right to the relief asked is based entirely upon that statute. If chapter 179 gave them the right to an extension of the redemption period, then the relief should have been granted, but, if under the plain terms and provisions of the statute this right was not given, the lower court was correct in denying the relief for which they prayed. This court has time and again laid down the rule that where a statute clearly expresses the Legislature's intent, no room for construction exists.

In Hahn v. Clayton County, 218 Iowa 543, at page 551, 255 N. W. 695, 699, this court said:

"One of the first and most controlling maxims of construction, however, is that, where the language of a statute is plain and unambiguous, there is no room for construction. As said in 12 C. J. 1302: 'Construction can only be employed for the discovery of the true intent and meaning of an instrument, and when the language is plain there can be no construction, because there is nothing to construe; hence, the term can have no application to a statute in which there is nothing doubtful or ambiguous in its terms.' "

In the case of Sarby v. Morey, 207 Iowa 521, on pages 524, 525, 221 N. W. 492, 493, in construing the statute, this court used the following language:

"Generally stated, our rule is that, where a statute is clear, plain, and unambiguous, there is no room for construction. In re Estate of King, 105 Iowa 320, 75 N. W. 187; Shonkwiler v. Stewart, 104 Iowa 67, 73 N. W. 479; Fry v. Fry, 125 Iowa 424, 101 N. W. 144."

The appellants seek relief under chapter 179, section 1, which reads as follows:

"In any action, for a real estate foreclosure of a mortgage or a deed of trust, *which has been commenced* in any of the courts, and in which a decree has been or may hereafter be entered, * * *"

The act of the Legislature deals only with those real estate foreclosure cases which had been commenced at the time chapter 179 became a law. The facts in the case at bar are not in dispute. The petition was filed on May 25, 1933. Chapter 179 of the Acts of the 45th General Assembly became a law on March 18, 1933. In other words, this action had not been commenced when this statute, which was passed for the purpose of extending the period of redemption, became a law. Under its plain terms and provisions, chapter 179 only had to do with real estate foreclosures which had been commenced at the time it became a law. The Legislature placed in the statute the words *"which has been commenced."* It is clear under its plain terms and provisions that the Legislature only intended to deal with that type of foreclosure suits which had been commenced at the

time chapter 179 became a law and in which either a decree had been or would be entered and in which the period of redemption had not expired. This court cannot put something into the statute which is not in it. The rule laid down in construing a statute is that where the language is plain and unambiguous there is no room for construction. It must be kept in mind that this is not a case where a continuance is asked. The appellants base their right to extension of the redemption period under provisions of chapter 179. Under the plain wording and provisions of that chapter, this applies only to foreclosure actions which have been commenced. In the case at bar an action had not been commenced, and therefore the statute did not apply and the lower court was right in denying the relief sought.

■■■ The third application which the appellants filed for the extension of the redemption period was under House File 84 (chapter 110), Acts of the 46th General Assembly. Following is a part of the statute, portions of which are material to the appeal herein:

"Sec. 2. In any action, for the foreclosure of a real estate mortgage or a deed of trust, which has been commenced prior to March 1, 1935, in any of the courts, and in which a decree has been or may hereafter be entered, but the redemption period, as now provided, has not expired, upon application of the owner or owners of such real estate, the court shall, unless upon hearing upon said application good cause is shown to the contrary, order that no sheriff's deed shall be issued until March 1, 1937, and in the meantime said owner or owners may redeem such property, and are entitled to possession thereof."

It is under this statute that the appellants seek the relief they pray for, to wit, the extension of the period of redemption. Did they bring this within the terms and provisions of this statute? The facts again are not in dispute. Special execution was issued under date of October 7, 1933, and the land was sold under this special execution on November 8, 1933, at 10:30 o'clock a. m. to the appellee. The third application for extension of the redemption period was not filed until February 28, 1935. On January 17, 1935, a sheriff's deed was duly executed and delivered to the Metropolitan Life Insurance Company and was filed for record on the same day at 3:30 p.m. in the office of the recorder of Pottawattamie county, Iowa, at

Council Bluffs, and appears of record in Book 94, page 454, of the records of Pottawattamie county, Iowa. It thus appears that a sheriff's deed was duly and regularly issued, delivered, and recorded before the application for extension of the redemption period was filed. The provisions under section 2, House File 84, Acts of the 46th General Assembly, are plain and unambiguous. The statute expressly provides, "but the redemption period, as now provided, has not expired." It leaves no room for construction because the language is so plain, clear, and unambiguous that it cannot be construed, and it shows the intent of the Legislature to deal only with those cases where the right of redemption had not expired. In the case at bar, at the time the application was filed, the right of redemption had expired and the appellee had secured sheriff's deed and the appellants were not entitled to any relief whatever under the statute.

Judgment and decree of the lower court must be, and it is hereby, affirmed.

KINTZINGER, C. J., and all Justices concur.