METROPOLITAN LIFE INSURANCE COMPANY, Appellant, v. BERNT GULLORD, Appellee.

No. 43330.

APRIL 7, 1936.

Thompson & Weible, and Tinley, Mitchell, Ross & Everest, for appellant.

L. A. Jensen, and Thomas & Loth, for appellee.

ALBERT, J.—On the 3d of June, 1933, foreclosure proceedings were commenced by the plaintiff against the defendant on a tract of land in Winnebago county, Iowa. On the 22d of Sep-

tember, of the same year, decree of foreclosure was entered. On special execution the real estate was sold, on the 21st of November, 1933. On the 20th of November, 1934, an application was made for the extension of the period of redemption. Nothing whatever was done under this application, and on the 18th of February, 1935, another application was made for the extension of the period of redemption. This matter came on for hearing before the district court, and on the 26th of August, 1935, an order was made by the district court extending the period of redemption to the 1st of March, 1937. It is from this latter order of the court that this appeal is perfected.

Under the record, aside from the moratorium statutes, the period for redemption expired on the 21st of November, 1934. It will be noticed that the action was commenced in June, 1933, which was after the enactment of chapter 179 of the Acts of the Forty-fifth General Assembly, which went into effect on the 18th of March, 1933. This chapter provides, among other things:

"In any action, for a real estate foreclosure of a mortgage or a deed of trust, which has been commenced in any of the courts." Section 1.

We held in the case of Metropolitan Life Ins. Co. v. Reimer, 220 Iowa 1162, 1166, 263 N. W. 826, 828, that if the action to foreclose was commenced after the aforesaid chapter 179 of the Acts of the Forty-fifth General Assembly went into effect, then the said chapter had no operating effect whatever. We there said:

"The act of the Legislature deals only with those real estate foreclosure cases which had been commenced at the time chapter 179 became a law. * * * In other words, this action had not been commenced when this statute, which was passed for the purpose of extending the period of redemption, became a law. Under its plain terms and provisions, chapter 179 only had to do with real estate foreclosures which had been commenced at the time it became a law. The legislature placed in the statute the words 'which has been commenced'. It is clear under its plain terms and provisions that the legislature only intended to deal with that type of foreclosure suits which had been commenced at the time chapter 179 became a law and in which either a decree had been or would be entered and in which the

period of redemption had not expired. This court cannot put something into the statute which is not in it."

Thus chapter 179 of the Acts of the Forty-fifth General Assembly has no application to the case at bar, and the chapter not operating to the benefit of the defendant, the time of redemption would and did expire on the 21st day of November, 1934. Hence, on that date the plaintiff was entitled to a deed.

Chapter 110 of the Acts of the Forty-sixth General Assembly did not become a law until the 7th day of February, 1935; hence it could in no way affect the situation of the plaintiff. More than that, the last-named chapter provides, in section 2, for the extension of the period of redemption to March 1, 1937, in cases in which the period of redemption has not expired.

Further light is thrown upon this situation in the case of Mohns v. Kasperbauer, 220 Iowa 1168, 263 N. W. 833.

So, viewed from any angle, the ruling of the district court was wrong, because there was no power or authority, under the recorded facts, to make the order that was made.—Reversed.

DONEGAN, C. J., and ANDERSON, HAMILTON, KINTZINGER, MITCHELL, RICHARDS, and STIGER, JJ., concur.