METROPOLITAN LIFE INSURANCE COMPANY, Appellee, v. HERMAN D. REEVE et al., Appellants.

Nos. 43507—43509.

JULY 31, 1936.

H. T. Lambert and R. L. Saley, for appellants.

Tinley, Mitchell, Ross & Everest and Geiser & Donohue, for appellee.

STIGER, J.—Herman D. Reeve, J. Rumsey Reeve, Emily A. Reeve, and Orson G. Reeve, were the owners of 920 acres of land in Franklin county, which were divided into three improved farms, one for 320 acres, one for 400 acres, and a 200-acre farm.

On November 20, 1926, they executed three first mortgages on the farms, one for $25,000, one for $33,000 and one for $17,000, each mortgage maturing February 1, 1932. Plaintiff became the owner of said mortgages and on September 22, 1933, commenced foreclosure actions on each of the mortgages.

Certain defendants filed an application in each case for a continuance under Chapter 182, Laws of the 45th General Assembly. These motions were withdrawn and on November 10, 1933, a decree of foreclosure was entered in each of the fore-

closure suits. The real estate was sold at sheriff's sale under special execution, on December 29, 1933.

The three foreclosure suits brought in the district court of Iowa, in and for Franklin county, were numbers 9670, 9671 and 9672, and the appeals taken in each case from the order denying an extension of the period of redemption have been consolidated in this court. The pleadings and orders made in each case were the same. We will refer to the application filed in cause 9670, and our decision will apply to the other two cases.

On December 27, 1934, an application for an extension of the period of redemption was filed by certain defendants in the foreclosure action under chapter 179, 45th General Assembly, as amended by chapter 137 of the laws of the 45th General Assembly, extraordinary session, alleging that the applicants are the owners of the real estate involved in the foreclosure action.

The plaintiff filed a resistance to the application on the following grounds:

(1) That chapter 179 of the acts of the 45th General Assembly became effective on March 18, 1933, and that said chapter was applicable only to actions which had been commenced prior to the taking effect of said act; that the foreclosure action was not commenced until September 22, 1933, and therefore the applicants are not entitled to an extension of the period of redemption under said chapter.

(2) That the applicants for an extension of the period of redemption are not the sole owners of the real estate sold under the foreclosure suits.

(3) That applicants filed a motion for continuance of the foreclosure action and for a valuabe consideration withdrew the same and permitted foreclosure and by reason of said act have waived and are estopped from making claim for an extension of the period of redemption.

A hearing was had and the trial court entered an order on June 11, 1935, denying the application.

The applicants appeal.

■■■ Referring to the plaintiff's first ground of resistance, the application was filed under chapter 179, of the acts of the 45th General Assembly as amended by chapter 137 of the acts of the extra session of the 45th General Assembly. The effec-

tive date of said chapter 179 was March 18, 1933, and the effective date of said chapter 137 was March 22, 1934. The plaintiff commenced the real estate foreclosure actions in September 1933. The foreclosure actions not having been commenced at the time said chapter 179 became a law the applicant was not entitled to the benefit of the law, and the trial court was right in denying the application. See Metropolitan Life Insurance Co. v. Reimer, 220 Iowa 1162, 263 N. W. 826.

 The applicants contend that said chapter 137 which amended chapter 179, was not brought to the attention of the court in the case of Metropolitan Life Insurance Co. v. Reimer, supra, and that the facts of this case bring them within the benefits of chapter 179 as amended.

The title of chapter 137, 45th General Assembly, extra session, reads as follows:

"An Act exempting mortgages executed after January first, nineteen hundred thirty-four (January 1, 1934), from the provisions of Chapter one hundred seventy-nine (179) * * * Acts of the Forty-fifth General Assembly."

Section one of said act reads as follows:

"Section 1. That none of the provisions of chapters one hundred seventy-nine (179) and one hundred eighty-two (182), acts of the Forty-fifth General Assembly, shall apply to any real estate mortgages executed on and after January first, nineteen hundred thirty-four (January 1, 1934), and all such mortgages are hereby exempted from the provisions of these acts."

Appellants place the following construction upon chapter 179 as amended.

 Appellants first claim that chapter 179, Acts of the 45th General Assembly, which became effective on March 18, 1933, and its amendatory act, chapter 137, Acts of the 45th General Assembly, extra-ordinary session, which became effective March 22, 1934, are to be construed as if the original act had been repealed and a new and independent act, in the amended form, had been adopted.

As authority for this construction, appellants cite McGuire v. C. B. & Q. Ry. Co., 131 Iowa 340, 108 N. W. 902, 904, 33

L. R. A. (N. S.) 706. In this case Justice Weaver, speaking for the court, states on page 345: .

"There is no rule of interpretation requiring us to give the amended statute a meaning which differs in any degree from that which would have been given it, had the matter of amendment been made a part of the original act. In other words, unless the contrary intent is clearly indicated, the amended statute is to be construed as if the original statute had been repealed and a new and independent act in the amended form had been adopted."

The conclusion of appellants is that by the enactment of chapter 137 by the 45th General Assembly, extra session, the legislature adopted a new and independent act, that is, chapter 179 as amended, and that the new act speaks from the effective date of the amendment, March 22, 1934.

Appellants claim that the alleged new act must now be read as follows:

"In any action for a real estate foreclosure of a mortgage or deed of trust, *excepting real estate mortgages executed on or after January 1st, 1934,* which has been commenced in any of the courts" etc.

Under appellants' construction the above words "which has been commenced in any of the courts", refer to the effective date of the amending chapter 137, March 22, 1934, and this foreclosure action having been commenced September 1933, and the mortgage having been executed prior to January 1st, 1934, they are within the benefits and provisions of chapter 179 as amended.

Appellants further claim in the construction of chapter 179 as amended that the statute is ambiguous and uncertain and to determine its true meaning resort must be had to established rules of construction.

Appellants say "to exempt" means to "take out" or "to remove from"; that the provisions in chapter 137 that mortgages executed on or after January 1, 1934, "are hereby exempted from the provisions of the Act" clearly show that such mortgages were *included* in the original act, chapter 179. They further contend that the "taking out" of the mortgages executed *after* January 1, 1934, from chapter 179 by chapter 137

of the extra 45th General Assembly proves that the legislature considered that such mortgages were included by the terms of chapter 179, and that, therefore, all mortgages executed *prior* to March 1, 1934 (as were these mortgages), were intended to be included and brought within the terms and benefits of the statute as amended.

By this ingenious construction of the amended statute appellants claim that they come within the amended chapter because, first, the mortgages were executed prior to January 1, 1934; second, that the actions were commenced prior to the effective date of the alleged independent act, which they claim became a law March 22, 1934.

A study of section 1, chapter 179, 45th General Assembly, must result in the conclusion that appellants' construction must be rejected. For convenience, we set out the first four lines of said chapter.

"Section 1. In any action, * * * which has been commenced in any of the courts, and in which a decree has been or may hereafter be entered, but the redemption period, as now provided, has not expired" etc.

The words, "which has been commenced", and "in which a decree has been or may hereafter be entered" and the words "redemption period, as now provided, has not expired", obviously and clearly refer to the effective date of the act, March 18, 1933. This section is ever speaking on its effective date.

This being true, the 45th General Assembly could not have intended to have included mortgages executed *after* January 1, 1934. It intended to and did exclude from its provisions all mortgages executed subsequent to its effective date, March 18, 1933.

It follows that the 45th Extra General Assembly in enacting chapter 137, could not successfully "exempt from" or "take from" the provisions of 179, mortgages that were not included therein. It purports to exclude from the provisions of chapter 179 all mortgages executed after January 1, 1934. This had already been done by chapter 179.

The provisions of chapter 137, when applied to chapter 179, are meaningless, and incapable of a reasonable interpretation and therefore have no effect thereon. When applied to chapter

182, acts of the 45th General Assembly, the act is capable of a reasonable meaning and interpretation.

The 46th General Assembly also excluded certain mortgages from its moratorium acts. Section 7, chapter 110, 46th General Assembly reads as follows:

"The provisions of this act shall not apply to any mortgages * * * executed subsequent to March 1, 1934."

Section 5, chapter 115, 46th General Assembly, contains a similar provision.

The intention and purpose of each assembly in excluding the mortgages were, without doubt, the same. Such provision tended to encourage loans secured by mortgages that were not subject to the moratorium laws.

The exemption of the mortgages by chapter 137 from chapter 179 was probably inadvertent.

This case is not controlled by McGuire v. Ry. Co., supra, for the reason that manifestly the extra session of the 45th General Assembly in passing chapter 137 did not intend to repeal chapter 179 and adopt a new and independent moratorium act, by excluding certain mortgages from its provisions. As above stated these same mortgages were clearly excluded by chapter 179. The contrary intent appears. It added nothing to and took nothing away from chapter 179.

The 45th General Assembly, in enacting chapter 179, declared an emergency, prescribed procedure, fixed the life of the act, and created a right of redemption. No new independent moratorium act was created and adopted by the amendment of chapter 137 by the extra session. The two acts will not bear the construction offered by appellant.

It is unnecessary for us to consider the other grounds of the resistance to the application and applicants' motion to strike certain grounds of resistance other than the ground considered on this appeal.

The orders of the trial court denying the application for an extension of the period of redemption in the three consolidated cases are affirmed.—Affirmed.

PARSONS, C. J., and DONEGAN, HAMILTON, ALBERT, MITCHELL, KINTZINGER, and RICHARDS, JJ., concur.