WILLIAM JONES, Appellant, v. GORDON THOMPSON et ux., Appellees.

No. 47452.

(Reported in 38 N. W. 2d 672)

Auɢust 5, 1949.

Duffield & Donahey, of Guthrie Center, for appellant.

C. H. Taylor, of Guthrie Center, for appellees.

Bliss, J.—Plaintiff leased a 167-acre farm in Guthrie county to the defendants for one year, commencing on March 1, 1947, and ending February 29, 1948, for a total rent of $2500, payable

as follows: $900 on execution of the written lease, $800 on July 1, 1947, and $800 on December 1, 1947, which deferred sums were each also evidenced by a promissory note, with the usual attorney-fee provision. The cash payment of $900 was made, as was also payment of the note due on July 1, 1947, but defendants refused to pay the rent note due December 1, 1947, because of their claimed inability to do so, though payment was demanded.

The lease contained the following provision:

"It is understood that the said party of the first part shall have in addition to the lien given him by law, a lien upon the term of this lease and a lien upon all property of the said party of the second part, used or situated upon the leased premises, whether said property is exempt from execution or not, for the whole amount of rent agreed to be paid by this lease; and in default of payment, said party of the first part may levy upon said term or upon said property, and sell it to pay his rent."

Section 570.1, Code of 1946, provides: "A landlord shall have a lien for his rent upon all crops grown upon the leased premises, and upon any other personal property of the tenant which has been used or kept thereon during the term and which is not exempt from execution."

Section 570.5 of said Code provides, in substance, that said landlord's lien may be enforced by the commencement of an action, aided by levy under writ of attachment upon the property liable.

Code section 570.6 provides: "If a lien for rent is given in a written lease or other instrument upon additional property, it may be enforced in the same manner as a landlord's lien and in the same action."

These sections, supra, in substance as set out, first appeared in the Code of 1851, and have been in all later Codes.

Section 570.4, Code of 1946, provides:

"In cases of farm leases * * * where the tenant has defaulted in the payment of his rent and suit has been commenced aided by landlord's attachment for the enforcement of the landlord's lien, the defendant may file as a defense that the default

or inability to pay is caused or brought about by reason of drought, flood, hail, storms, or other climatic conditions or infestation of pests affecting the crops in controversy. When such a defense has been filed, the issue as to the cause for the default shall be triable as an equitable action. Upon the hearing, if the court finds that the default or inability to pay is due to drought * * * the court may enter a decree pursuant thereto with his finding of fact. Where a decree has been entered finding that the inability to pay was brought about by any of the conditions named in this section, the landlord's lien shall be confined to all of the crops grown and raised upon the premises and to all increase in livestock and hogs raised upon the premises."

Section 570.4, supra, was enacted as Senate File 318, chapter 286, of the Laws of the Forty-ninth General Assembly, approved April 9, 1941. It was entitled "Landlord's Lien. AN ACT to amend section * * * 10261, Code, 1939, relating to landlord's lien." Said section 10261 (section 570.1, supra) provided for the landlord's lien for his rent. Chapter 286 was amended by chapter 259 of the Laws of the Fiftieth General Assembly to correct defective wording.

When defendants refused to pay the balance of the rent the plaintiff filed the lease, which contained the chattel mortgage clause, in the office of the recorder of Guthrie county and had it recorded at length and indexed in the chattel mortgage index. When plaintiff, who was a nonresident of Guthrie county, placed his claim for rent with his attorney, Mr. Donahey, for collection or suit, the latter prepared and had plaintiff execute a release of the contract or chattel mortgage lien, which was left with the attorney for recording or delivery to the defendants, in the event the rent was paid.

On February 2, 1948, plaintiff filed his petition for judgment and attorney fees on the rent note, for establishment of a landlord's lien, and the issuance of a landlord's writ of attachment against all personal property brought on or used on the leased land. Paragraphs 1, 2, 3, 4 and 5 of the petition alleged the execution of the lease, the rent provided therein, the provision for attorney fee, the amount of rent paid and unpaid, and the occupation of the premises by defendants. These allegations

were all admitted by defendants. Allegations 6, 7 and 8 of the petition averred that plaintiff was the holder of the lease and the claim for rent; that defendants had refused to pay the balance of the rent; and the contract lien of the lease for the rent. Defendants denied said paragraphs 6, 7 and 8 of the petition. Copies of the lease and the unpaid rent note of $800 were made part of the petition.

The only affirmative defense alleged in the answer of defendants was based upon said Code section 570.4, which was stated as follows:

"The defendants further answer the petition of plaintiff herein and state they are unable to pay the balance of rental due under said lease and that as a reason therefor, that due to climatic conditions during the crop season, which conditions affected adversely all crops grown on the premises, they had a crop failure thereon. * * * WHEREFORE, these defendants ask that a decree be entered limiting the landlord's lien aided by landlord's attachment, as provided by statute."

For reply plaintiff denied each allegation of the answer, and for amendment to his reply alleged that, since the filing of his petition, the sheriff, pursuant to a writ of landlord's attachment, had levied upon and taken possession of specified personal property of defendants, which property described in the sheriff's return "was property by the terms of the lease subject to attachment for unpaid rent, under the clause in said lease, which gives to plaintiff a lien on all property of second parties (defendants herein) in addition to the lien given by law, a lien upon all the property of the defendants used or situated on the leased premises, whether said property is exempt from execution or not."

The testimony of each party was offered and received without controversy or denial. In addition to the admissions of defendants in their answer, plaintiff testified to the execution of the lease and rent notes, the balance of rent owing, the occupancy of the farm by defendants, and the property levied upon under the writ. Defendants offered evidence tending to establish their affirmative defense of crop failure under Code section

570.4. That was the sole defense of the defendants to plaintiff's cause of action. There was no other issue between them under the pleadings, evidence or the conduct or theory of the trial. Defendants relied solely upon the said statutory defense, and plaintiff contended that said defense applied only to the statutory landlord's lien, and had no application to his contract lien.

The court found that defendants had established such a crop failure as brought them within the purview of Code section 570.4, but stated that since the court based its decision for defendants upon another ground, it was unnecessary to pass upon the contentions of the parties respecting the affirmative defense pleaded. However, the court stated:

"The court might say by way of dictum that he is of the opinion that it would not apply because the terms of the statute specifically refer to landlord's lien and the lease as in most leases gives a lien in addition to the statutory lien, which I believe the courts have construed to amount to practically the same as a chattel mortgage, although the Code provides that it can be foreclosed along in the same action as the landlord's writ of attachment."

The theory upon which the court based its decree came about in this way. When plaintiff executed the release of the contract lien or chattel mortgage provision of the lease, his attorney attached the release to the $800 rent note. When plaintiff took the witness chair his attorney handed to the court reporter the promissory note with the release still attached to it, and said: "Will you mark this as plaintiff's Exhibit 1?" In an affidavit of the court reporter which was made a part of the resistance filed by defendants to a motion of plaintiff, the affiant stated: "I was handed by plaintiff's attorney * * *, John Donahey, an instrument to be marked for identification, this instrument consisted of two pieces of paper stapled together and I asked Mr. Donahey if he wished them marked separately and he replied 'No, mark them as one.' This I did, marking it as plaintiff's Exhibit 1." A local lawyer, A. H. Christensen, a courtroom spectator at the trial, also made an affidavit that he

1030

heard the short conversation between Donahey and the court reporter, as stated by the latter.

Attached to the plaintiff's motion to have the judgment vacated and for new trial was an affidavit of Mr. Donahey stating: "* * * that I handed the note being sued upon to the court reporter * * * to be marked for identification, there was a paper stapled to said note which the court later assumed to be a release; that the court reporter asked if I wanted both papers marked for identification, and I replied, 'No, mark this one'; that in accord with my request the court reporter marked the note being sued on as plaintiff's Exhibit 1; that Exhibit 1 was identified and introduced into evidence as the note being sued upon, and that the paper stapled to the note was not marked as an exhibit for plaintiff and was not identified as an exhibit, and was not introduced in evidence."

The examination of plaintiff by his attorney strongly corroborates and supports the version and position of the latter, to wit:

"Q. I will hand you what the reporter has marked Exhibit 1 there and ask you to state to the court what that is? A. That is a note executed in my favor on December 18, 1946, by Gordon Thompson and Eileen D. Thompson in the amount of $800. Q. Do you know whether those are their signatures or not? A. I saw them sign it.

"Mr. Donahey: The plaintiff offers in evidence Exhibit 1."

Plaintiff then had the lease marked as Exhibit 2, identified, offered and received in evidence. Plaintiff and the sheriff testified to property levied upon which was subject to the contract lien of the lease.

After the conclusion of the testimony and the submission of the case, plaintiff orally moved for judgment on the note and special execution against the property levied. This motion was denied by the court by oral ruling dictated to the reporter. In this ruling after an erroneous statement of the issues, which the court corrected in its final judgment, it was the express opinion of the court that there were two questions for decision, one being whether Exhibit 2 was a lease between the parties, and the second, whether Code section 570.4 applied to a lease

containing a contract lien for rent, in addition to the statutory landlord's lien.

The court found it unnecessary to answer the second because of its conclusion that the release attached to the note, Exhibit 1, was a satisfaction of the contract lien. This release was directed to Lulu Burchfield, the county recorder, and was attached to a receipt which she had given the plaintiff when the lease was recorded. It is as follows: "State of Iowa, Guthrie County, No. 2921, given by Gordon Thompson and wife to William Jones for $2500 farm lease dated December 18, 1947, filed this 26th day of December 1947, 9:30 o'clock a.m., and numbered as above. Lulu Burchfield."

"Release. You are hereby authorized to remove from your files and cancel of record the chattel mortgage above described. The conditions of the same have been fully performed." It was executed by plaintiff and acknowledged before John Donahey, notary.

The court, in its dictated ruling, stated:

"The matter of a release stating the conditions having been fully performed without any other explanation, raises the presumption that this farm lease, Exhibit 2, has been fully satisfied and paid, which is in dispute according to the issues in this case and leaves only the note, which is not in dispute. The court therefore finds that there is no valid and existing farm lease existing between the parties hereto, according to the record in this case, which gives the plaintiff a lien in addition to the landlord's lien as provided by law, therefore, the defendants are entitled to prevail on their defense."

Promptly at the conclusion of the court's verbal ruling and while court was in session and all parties and attorneys were present, the plaintiff orally stated:

"May it please the court, the plaintiff moves to reopen the case as to this release question because that was never delivered or introduced in evidence. It was only in my own file which I had prepared, but the chattel mortgage is still of record in the recorder's office and this release was only my own work of having been prepared and kept in my file and was merely

attached to the note for my own convenience and was not meant to be introduced into evidence in court.

"Court: You introduced it into evidence as a part of Exhibit 1 there.

"Mr. Donahey: The note was the only thing. ·

"Court: They were attached together. They are not now, but they were at that time.

"Mr. Donahey: It was just made for my convenience so I could release it. The plaintiff on these grounds moves to reopen the case for this additional testimony in respect to this chattel mortgage release.

"Court: The court will deny it now. If you want to file a written motion and serve it on the other side, I will be back next week. As far as I know that will stand."

Plaintiff filed a written motion to reopen the case in which he restated, with amplification, the grounds of his oral motion, saying therein:

"The said release was never introduced in evidence and no reference was made thereto in the pleadings, the evidence introduced, or in the arguments of counsel, and no effort was made to introduce the release as a defense, and reference to the purported release was first made by the court in its findings. The release was never filed as shown by the county recorder's records, was never delivered and the defendants never became entitled to such delivery."

Attached to the motion was an affidavit of the county recorder that there was no such release of record in her office.

Defendants filed a written resistance to plaintiff's motion alleging only that the release was a part of Exhibit 1. There is no denial of any other fact allegation in plaintiff's oral or written motion to reopen the case. It is important and very significant that defendants, neither in the trial court nor in this court, have made any claim or contention whatsoever that the lien of the lease was ever satisfied, or that the release attached to the note was ever in their possession or in the possession of anyone for them, or was ever delivered to them or anyone for them, or was ever delivered to the county recorder.

The court thereafter overruled plaintiff's motion to reopen the case. Later the court entered judgment for plaintiff on the promissory note of $800 with interest, and taxed attorney fees for plaintiff, but found and decreed that there was no valid and existing lease which gave plaintiff a lien in addition to the statutory landlord's lien, and ordered that all attached property be released except two white-faced calves which were the increase of livestock during the tenancy.

I. Plaintiff, after the decree, moved for vacation of the decree except that part granting the money judgment, and also moved for new trial, alleging therein that plaintiff and his attorneys were taken by surprise by the court's ruling in its holding with respect to the release, which, as stated in said motion, "ordinary prudence could not have guarded against in that the instrument, erroneously assumed by the court to be a release, was not identified, offered or introduced in evidence, said instrument was not pleaded and was not in issue, and was never mentioned in argument by counsel for either side, and said instrument erroneously assumed to be a release was first mentioned by the court in his oral findings, and decision, and attorneys for plaintiff * * * immediately moved the court for a reopening of the case to permit plaintiff to introduce evidence as to its true character * * * to explain facts with reference to said instrument, and to show that the paper attached to the note had been in possession of plaintiff's attorney, was never delivered to defendants, nor were defendants ever entitled thereto, and it never became effective as a release."

In overruling the motion the court relied upon Rule 192 of Rules of Civil Procedure, which provides that: "At any time before final submission, the court may allow any party to offer further testimony to correct an evident oversight or mistake, imposing such terms as it deems just." We question the applicability of the rule to the facts. There was no oversight or mistake on the part of the plaintiff. The necessity for plaintiff's motion arose from the court's erroneous and prejudicial injection into the case of an issue that was beyond the pleadings. The answer of defendants admitted the existence of the lease and every material allegation of the petition. Plaintiff also supported these

allegations by his testimony. Defendants' only pleaded defense was based upon section 570.4 of the Code. They did not plead the nonexistence of the lease or the release of the lien therein. There was no evidence of a consummated release, and had there been one, that defense must have been specially pleaded. Rule 101 of Rules of Civil Procedure; Pearson v. Butts, 224 Iowa 376, 384, 276 N. W. 65. The record establishes that Exhibit 1 was the promissory note alone, and that plaintiff did not introduce the release, and it is plain that he had no intention of doing so. Every circumstance supports that intention. It is unreasonable to suppose that he would, by his pleadings and testimony, base his case upon the lease and the contract lien therein, and immediately destroy his case by the introduction of an instrument which released the lien. Plaintiff had ample reason for his surprise at the position taken by the court, and promptly objected. The court abused its discretion and erred in denying the motions to reopen the case to permit plaintiff to meet the issue improperly raised by the court. It was entirely outside the issues raised by the pleadings. Bradley, Merriam & Smith v. Goetsche, 158 Iowa 77, 81, 138 N. W. 823.

II. A ground of plaintiff's motion for new trial was that the court's decision was not sustained by sufficient evidence. We agree with plaintiff. The release was not offered in evidence. The mere fact that the release had been prepared was not sufficient to sustain the court's decision, were the release properly in evidence. Its execution had not been completed by a delivery to the county recorder, to the defendants, or to anyone for them. The defendants do not contend that the lease, or the lien for rent provided therein, was ever discharged or released by plaintiff by the instrument under consideration, or in any other manner. Manifestly, the finding of the trial court and so much of the judgment and decree based thereon, that there was no valid and existing farm lease between the parties which gave the plaintiff a lien in addition to the landlord's lien as provided by law are without support in the record.

III. As already noted herein, the only defense pleaded or contended for by defendants in the trial court was based upon section 570.4 of the Code. It was their contention in that court

and it is vigorously argued in this court that the "provisions of Code section 570.4 limit the lien provided for in Code section 570.6 in the same manner as it does the statutory landlord's lien provided in Code section 570.1." They insist that the decision of the trial court should be affirmed on that ground, in these words:

"The appellees further contend that since matters such as these are triable de novo in this court, that the ground for affirming the trial court on this ground is available to this court and that the same net result as reached by the trial court is so reached by the interpretation of. this statute as earnestly asked for by these appellees."

██ Defendants are entitled to a determination of the proposition. We do not agree with the interpretation and construction which defendants place upon the legislation which now appears as section 570.4 of the 1946 Code. As noted herein this section originated as Senate File 318, and when enacted by the legislature and approved by the Governor it became chapter 286, entitled "Landlord's Lien", of the Laws of the Forty-ninth General Assembly. The plain and unambiguous language of the Act refutes the contention of defendants. The title to a legislative Act, under the Iowa Constitution, is a part of the Act—a very important part. So much so that it must be prepared with thought and care. The title to this particular Act was: "AN ACT to amend section ten thousand two hundred sixty-one (10261), Code, 1939, relating to landlord's lien." The Act contained but two sections, the second of which limited the application of the Act to leases executed after July 4, 1941. The opening words of section 1 of the Act are: "Section ten thousand two hundred sixty-one (10261), Code, 1939, is hereby amended by adding thereto the following: * * *." See full statement of section hereinbefore set out. Section 10261, Code, 1939 (now section 570.1, Code, 1946), which was amended by chapter 286 of the Forty-ninth General Assembly, was the section providing for the landlord's statutory lien for rent. It was the only section in chapter 450, Code, 1939, which the Forty-ninth General Assembly amended or attempted to amend by chapter 286. From

the plain, definite and unambiguous language of said chapter we must find that the legislature had no intention or purpose to amend section 10265, Code, 1939—which provided for the contract rent lien. Defendants are asking this court to read into the title and into section 1 of said chapter 286, section 10265, Code, 1939, in addition to section 10261 of said Code. This, the court cannot do. To do so would be an encroachment upon the exclusive province of the legislative department. It is within the power of the judicial department to construe and interpret legislation but the power cannot be exercised so loosely and broadly as to effect judicial lawmaking.

 The only legitimate purpose of statutory construction and interpretation is to ascertain the legislative intent. And when the language of the statute is so clear, certain and free from ambiguity and obscurity that its meaning is evident from a mere reading, then the canons of statutory construction are unnecessary, because there is no need of construction and interpretation. We need not search beyond the wording of the statute. These are general rules, and this court has uniformly so held in many decisions: Cosson v. Bradshaw, 160 Iowa 296, 306, 141 N. W. 1062, Ann. Cas. 1915D 157; Hahn v. Clayton County, 218 Iowa 543, 551, 552, 255 N. W. 695; Smith v. Sioux City Stock Yards Co., 219 Iowa 1142, 1148, 1149, 260 N. W. 531; Gisin v. Farmers Automobile Inter-Ins. Exch., 219 Iowa 1373, 1377, 261 N. W. 618; Metropolitan Life Ins. Co. v. Reimer, 220 Iowa 1162, 1165–1167, 263 N. W. 826; Sarby v. Morey, 207 Iowa 521, 524, 525, 221 N. W. 492; Home Owners Loan Corp. v. District Court, 223 Iowa 269, 271, 272, 272 N. W. 416; State ex rel. Bedell v. Best, 225 Iowa 338, 340, 341, 280 N. W. 551; Mathewson v. Board of Trustees, 226 Iowa 61, 67, 283 N. W. 256; Palmer v. State Board of Assessment and Review, 226 Iowa 92, 94, 95, 283 N. W. 415; Ahrweiler v. Board of Supervisors, 226 Iowa 229, 231, 283 N. W. 889; Eysink v. Board of Supervisors, 229 Iowa 1240, 1244, 1245, 296 N. W. 376; Iowa Public Service Co. v. Rhode, 230 Iowa 751, 754, 298 N. W. 794; Independent Sch. Dist. v. State Appeal Board, 230 Iowa 924, 927, 299 N. W. 440; Wood Brothers Thresher Co. v. Eicher, 231 Iowa 550, 560, 1 N. W. 2d 655; State ex rel. Weede v. Iowa Southern

Util. Co., 231 Iowa 784, 828, 829, 2 N. W. 2d 372, 4 N. W. 2d 869; Phillips Petroleum Co. v. Nelson, 232 Iowa 246, 253, 5 N. W. 2d 1; Case v. Olson, 234 Iowa 869, 872, 14 N. W. 2d 717; In re Adoption of Alley, 234 Iowa 931, 934, 14 N. W. 2d 742; Sinclair Ref. Co. v. Burch, 235 Iowa 594, 596, 16 N. W. 2d 359; Smith v. Board of Trustees, 238 Iowa 127, 128, 129, 25 N. W. 2d 858; Moulton v. Iowa Employment Sec. Comm., 239 Iowa 1161, 1172, 34 N. W. 2d 211.

The decree of the district court is reversed in so far as it found, ordered, adjudged and decreed that there was no valid lease existing between the parties giving plaintiff a lien in addition to the statutory landlord's lien, and that all property levied upon and taken under the landlord's writ of attachment be released except two white-faced calves, and the case is remanded to the district court with directions to enter judgment and decree in conformity with this opinion.—Reversed and remanded.

All JUSTICES concur except MANTZ, J., not sitting.