# Richmond

MARY T. RYAN V. COMMONWEALTH OF VIRGINIA.

November 11, 1937.

Present, All the Justices.

The opinion states the case.

*Caskie & Frost,* for the petitioner.

*Abram P. Staples, Attorney-General, W. W. Martin, Assistant Attorney-General,* and *Henry R. Miller, Jr., Special Assistant,* for the Commonwealth.

EGGLESTON, J., delivered the opinion of the court.

The petitioner, Mary T. Ryan, was, during the years 1930, 1931, 1932, and for some time prior thereto, a legal resident of and domiciled in Nelson county, Virginia. During each of these years she received income from a trust, the corpus of which was held, managed, and controlled in New York, under the will of her husband, the late Thomas F. Ryan, who was at the time of his death a resident of that State. The income of the trust was derived from interest on bonds and dividends from corporations, and the share thereof to be paid to Mrs. Ryan was within the sole discretion of the trustees.

The State of New York assessed an income tax against the trustees on account of the income received by the trust during said years, including so much thereof as was paid to Mrs. Ryan. Virginia assessed an income tax against Mrs. Ryan on account of the income received by her from the New York trustees during each of said years. She paid the Virginia taxes under protest and in this proceeding seeks a refund. To the judgment of the Circuit Court of Nelson county denying the relief, this writ of error has been allowed.

No question is raised here as to whether the payments to Mrs. Ryan constitute income. Relief from the taxes is sought on two grounds:

(1) The Virginia statutes are not designed and intended to tax such income; and

(2) If the tax is within the Virginia statute the assessment violates the due process clause of the Fourteenth Amendment to the Federal Constitution.

With respect to her first claim petitioner argues: That for the purpose of income taxation the Virginia statutes classify taxpayers under the separate and distinct headings of (1) Individuals, (2) Corporations and Partnerships, and (3) Estates and Trusts; that only sections 50 and 51 of the Tax Code (Code 1936, Appendix, p. 2410) deal with taxation relative to estates and trusts; that these sections specifically impose a tax on the entire income of a discretionary trust, such as this, *against the trustee* and *not against the beneficiary;* and that hence there is no legislative authority for the assessment of these taxes against Mrs. Ryan, the beneficiary of this trust.

There is no claim by the Commonwealth that it has power to levy taxes against the New York trustees who are beyond the taxable jurisdiction of Virginia.

Section 51 provides for the filing of returns by the fiduciary and throws no light on the question here under discussion.

The pertinent provisions of section 50 are as follows:

*"Sec. 50. Estates and trusts.*—1. The tax imposed by this chapter upon individuals shall apply to estates and trusts, which tax is hereby levied annually upon and with respect to the income of estates or of any kind of property held in trust, including:

\*     \*     \*     \*     \*     \*     \*

"d. Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, * * *

\*     \*     \*     \*     \*     \*     \*

"3. In cases under paragraphs a, b and c of subdivision one, of this section, the tax shall be imposed upon the estate or trust with respect to the net income of the estate or trust

and shall be paid by the fiduciary, * * *. In such cases, the estate or trust shall be allowed the same exemption as is allowed to single persons by this chapter, and in such cases an estate or trust created by a person not a resident, and an estate of a person not a resident shall be subject to tax only to the extent to which individuals other than residents are liable under this chapter.

"4. In cases under paragraphs d and e of subdivision one of this section, if the distribution of income is in the discretion of the fiduciary, either as to the beneficiaries to whom payable or as to the amounts to which any beneficiary is entitled, the tax shall be imposed upon the estate or trust in the manner provided in subdivision three of this section, but without the deduction of any amounts of income paid or credited to any such beneficiary. * * *"

It is true that this section does not provide for the assessment of taxes against the beneficiary of a trust. Nor was it designed for that purpose. The very reading of the section shows that it relates to the assessment of taxes against the trustee, that is, against the estate itself. The "tax is hereby levied annually upon and with respect to the *income of estates* or *of any kind of property held in trust,* * * *." (Italics supplied.) It is obviously designed to levy a tax on incomes received by a trust which is held, administered, and controlled in Virginia.

This section does not undertake to deal with the taxation of a beneficiary, such as Mrs. Ryan, who resides in Virginia and receives income from a trust held, managed, and controlled in another State.

But this does not mean that the Virginia statutes contemplate that no tax should be levied against Mrs. Ryan with respect to such income received by her.

We think the following provisions of the Tax Code authorize the levying of the tax here complained of:

"*Sec. 24. Definition of gross income.*—The term 'gross income,' as used herein, includes gains, profits and income derived from * * * rent, interest, dividends, securities or transactions of any business carried on for gain or profit,

or gains or profits and income derived from any source whatever, including gains or profits and income derived through estates or trusts by the beneficiaries thereof, whether as distributive or as distributable shares. * * *" Code 1936, Appendix, p. 2404.

"*Sec. 27. Net income defined.*—The term 'net income' means the gross income of a taxpayer less the deductions allowed by this chapter; but the net income subject to the taxes imposed by this chapter shall be the net income less the personal exemptions allowed by this chapter." Code 1936, Appendix, p. 2405.

"*Sec. 38. Individual income tax rates; residents and non-residents.*—A tax is hereby annually levied for each taxable year upon every resident individual of this State, upon and with respect to his entire net income as herein defined for purposes of taxation, at rates as follows:

     *       *       *       *       *       *       *

"The taxes levied by this chapter shall be assessed, collected and paid as provided by law." Code 1936, Appendix, p. 2407.

"*Sec. 41. Who must file individual income tax returns and where.*—Every individual having a gross income for the taxable year of one thousand dollars or over, if unmarried, * * * shall make under oath a return stating specifically the items of his entire income and the items which he claims as deductions and exemptions allowed by this chapter.

"Every resident individual who is required by this chapter to file a return shall file his return with the commissioner of the revenue for the county or city in which he resides, * * *." Code 1936, Appendix, p. 2408.

■ Our conclusion is that the income of Mrs. Ryan from the trust comes within the definition of gross income in section 24, and that the tax is plainly authorized by section 38.

The petitioner next claims that even if the tax under review is authorized by the laws of Virginia, the assessment contravenes the due process clause of the Fourteenth Amendment.

She argues that the State of New York has levied a tax on the net income received by the trustees including such income as was paid to her; that the assessment of the Virginia income tax amounts to double taxation of her income; that double taxation has been condemned by the Supreme Court of the United States, as to tangible property in *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194, 26 S. Ct. 36, 50 L. Ed. 150, 4 Ann. Cas. 493; as to intangible property in *Safe Deposit & Trust Co.* v. *Virginia,* 280 U. S. 83, 50 S. Ct. 59, 74 L. Ed. 180, 67 A. L. R. 386; as to inheritance taxation in *Farmers Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204, 50 S. Ct. 98, 74 L. Ed. 371, 65 A. L. R. 1000; *First Nat. Bank of Boston* v. *Maine,* 284 U. S. 312, 52 S. Ct. 174, 76 L. Ed. 313, 77 A. L. R. 1401; and that the same reasoning which condemns double taxation of the above types of property applies to and invalidates double taxation of incomes.

While double taxation by two States of the same property was formerly expressly held not to be prohibited by the Fourteenth Amendment (*Shaffer* v. *Carter,* 252 U. S. 37, 58, 40 S. Ct. 221, 227, 64 L. Ed. 445; *Cream of Wheat Co.* v. *Grand Forks County,* 253 U. S. 325, 330, 40 S. Ct. 558, 560, 64 L. Ed. 931; *Swiss Oil Corp.* v. *Shanks,* 273 U. S. 407, 413, 47 S. Ct. 393, 395, 71 L. Ed. 709), this doctrine has been repudiated with respect to property taxes levied in the case of tangibles, intangibles, and inheritances, as illustrated by the more recent cases relied on by petitioner and cited above. These recent cases have been lately approved in *Senior* v. *Braden,* 295 U. S. 422, 55 S. Ct. 800, 79 L. Ed. 1520, 100 A. L. R. 794, and in *People of the State of New York* v. *Graves,* 300 U. S. 308, 57 S. Ct. 466, 81 L. Ed. 666, 108 A. L. R. 721.

An analysis of these recent cases shows that each turns upon the determination of the *situs* of property for taxation. Where the *situs* is found to be beyond the jurisdiction of the State seeking to levy the tax, such tax is held to be prohibited by the due process clause of the Fourteenth Amendment. In each of the cases relied on by petitioner

the *situs* of the property was held to be beyond the jurisdiction of the taxing State and, therefore, in violation of the due process clause of the Fourteenth Amendment. And so in *Commonwealth* v. *Appalachian Co.,* 159 Va. 462, 166 S. E. 461, we held that intangibles which had acquired a *situs* in New York, although owned by a Virginia corporation, could not be taxed in Virginia.

■ But the tax here under review is of a different nature. In *Hunton* v. *Commonwealth,* 166 Va. 229, 244, 183 S. E. 873, we held that the Virginia income tax is an excise tax and not a property tax; that it is not a tax on the property from which the income is derived, a view subsequently settled in *People of the State of New York* v. *Graves, supra.*

■ In no sense is the Virginia income tax levied on any property beyond the jurisdiction of this State. It is a tax levied upon Mrs. Ryan measured by the net income received and enjoyed by her here. She is subject to this tax in Virginia because she resides and is domiciled in this State, because she enjoys the protection of the laws of this State in the receipt and enjoyment of this income, and because she should bear her proportionate part of the expense of the government which affords this protection to her.

■ We think it is settled in *Lawrence* v. *State Tax Commission,* 286 U. S. 276, 52 S. Ct. 556, 76 L. Ed. 1102, 87 A. L. R. 374, and in *People of the State of New York* v. *Graves, supra,* that the domicile and residence of the taxpayer in Virginia is a sufficient basis to sustain an income tax although the income so received and enjoyed by the taxpayer may have originated in another State.

In *Lawrence* v. *State Tax Commission, supra,* the court, speaking through Mr. Justice Stone, upheld the constitutionality of a State income tax levied on a resident of Mississippi on account of income derived from business conducted by him in Tennessee. In disposing of the claim that the tax violated the due process clause of the Fourteenth Amendment, the court said (286 U. S. 276, at pages 280-281, 52 S. Ct. 556, 557, 76 L. Ed. 1102, 87 A. L. R. 374) :

"It is enough, so far as the constitutional power of the state to levy it is concerned, that the tax is imposed by Mississippi on its own citizens with reference to the receipt and enjoyment of income derived from the conduct of business, regardless of the place where it is carried on. The tax, which is apportioned to the ability of the taxpayer to bear it, is founded upon the protection afforded to the recipient of the income by the state, in his person, in his right to receive the income, and in his enjoyment of it when received. These are rights and privileges incident to his domicile in the state and to them the economic interest realized by the receipt of income or represented by the power to control it, bears a direct legal relationship."

In *People of the State of New York* v. *Graves, supra,* decided on March 1, 1937, it was held that the State of New York had the right to levy an income tax upon the recipient of income residing in that State, although such income was derived from rents from lands located in another State and from interest on mortgages secured by real estate in another State. The court, again speaking through Mr. Justice Stone, said (300 U. S. 308, at page 312, 57 S. Ct. 466, 467, 81 L. Ed. 666, 108 A. L. R. 721) :

"That the receipt of income by a resident of the territory of a taxing sovereignty is a taxable event is universally recognized. Domicile itself affords a basis for such taxation. Enjoyment of the privileges of residence in the state and the attendant right to invoke the protection of its laws are inseparable from responsibility for sharing the cost of government."

The opinion reaffirmed the doctrine laid down in *Maguire* v. *Trefry,* 253 U. S. 12, 40 S. Ct. 417, 64 L. Ed. 739, that the State wherein the taxpayer was domiciled had the power to levy a tax on the "net income from bonds held in trust and administered in another state."

The court clearly pointed out that the income received by the taxpayer in New York is a taxable interest separate and distinct from the land located in New Jersey, from which the income is derived.

*Senior* v. *Braden, supra,* so strongly relied on by the petitioner, is not controlling here. There the court held invalid a property tax levied on certain certificates entitling the holder to portions of the rents derived from lands in another State. This was based on the finding that the certificates represented an equitable interest in the land itself, which was beyond the taxing jurisdiction of the State.

It is argued with considerable force by the Attorney General that both the New York and the Virginia income taxes can be sustained since they are levied on different taxable interests. The New York tax, it is said, is incident to the receipt of the income by the trustees in that State, while the Virginia tax is based upon Mrs. Ryan's receipt and enjoyment of the income in the latter State. The protection offered to the trustees and to the property handled by them in New York does not extend to the receipt and enjoyment of the income by Mrs. Ryan in Virginia. Each of these separate taxable interests should bear its proportionate part of the expenses of the governments of the respective States. Hence it is claimed neither of these taxable interests can complain of the levy on the other.

This argument finds some support, we think, in the reasoning in *Lawrence* v. *State Tax Commission, supra,* and in *People of the State of New York* v. *Graves, supra.* See also, 48 Harvard Law Review (1935), at pages 416 and 430.

Whether this view is sound and whether the validity of the tax levied by the State of New York on the trustees can be sustained, we need not decide since the validity of that tax is not before us. What we do decide, and all we decide, is that the domicile and residence of Mrs. Ryan in the State of Virginia is sufficient to sustain the validity of the tax levied against her by this State.

The judgment is

*Affirmed.*