SADIE W. PALMER, Appellee, v. STATE BOARD OF ASSESSMENT AND REVIEW et al., Appellants.

No. 44400.

JANUARY 17, 1939.

REHEARING DENIED MAY 12, 1939.

John H. Mitchell, Attorney General, and Clair E. Hamilton, for appellants.

Grimm, Elliott, Shuttleworth & Ingersoll, for appellee.

OLIVER, J.—During the year 1934, appellee, Sadie W. Palmer, a resident of Iowa, received the sum of $3,000 as rent from real estate owned by her in the State of Illinois. Appellee did not include this item in her Iowa state income tax return for the year 1934, and paid to the State of Iowa income tax computed only upon other income, contending that rent received from real estate outside of Iowa did not constitute taxable income within the purview of the income tax statute. Said state board thereafter notified the taxpayer that she would be assessed with additional income taxes for 1934, based upon the inclusion of the rent from the Illinois real estate, and upon appeal to said board by said taxpayer, her objections to the proposed additional assessment were overruled. Thereupon the taxpayer appealed to the district court from said order and ruling of said state board, and upon trial the district court set aside the order of the State Board of Assessment and Review and decreed that the rent from the Illinois real estate was not taxable income. From said judgment and order of the district court the State Board of Assessment and Review has appealed.

The facts were stipulated and the only proposition presented to the court was whether or not the rent received by said resident taxpayer from real estate outside of the state was subject to taxation under the Iowa income tax law.

The net income and retail sales tax of Iowa was enacted in 1934, as chapter 82 of the Laws of the 45th General Assembly, Extraordinary Session, and, together with a certain amendment immaterial to this case, is known as chapter 329-F1, section 6943-f1 et seq., Code of Iowa 1935. In 1937, the income tax law was amended by chapter 184 of the Laws of the 47th General Assembly. The section of the statute relating to the question in controversy is Code section 6943-f8, which reads in part as follows:

"6943-f8. 'Gross income' defined—exceptions.

"1. The term 'gross income' includes gains, profits and incomes derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, business, commerce, or reoccurring profits and income growing out of the ownership or use of or interest in property, real or personal; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit; or gains or profits, and income derived from any source whatever and in whatever form paid. * * *

"2. * * * 'gross income' does not include the following items; which shall be exempted * * *."

Both parties agree that the general rule for statutory construction in tax cases is against the taxing body. Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211; In re Koss Construction Company, 214 Iowa 125, 241 N. W. 495; Hawkeye Life Insurance Company v. Munn, 223 Iowa 302, 272 N. W. 85. However, appellant contends that a different rule should apply in this case under the doctrine enunciated by Pacific Company v. Johnson, 285 U. S. 480, 52 S. Ct. 424, 76 L. Ed. 893; Hale v. Board of Assessment and Review, 223 Iowa 321, 271 N. W. 168, and other authorities which hold that grants of immunity from taxation, in derogation of a sovereign power of the state, are strictly construed against the taxpayer.

The reason upon which is founded the rule of construction urged by the appellant, Board of Review, is that a proviso or exemption in any statute in derogation of its general enacting clause must be strictly construed. United States v. Dickson, 15 Pet. 141, 10 L. Ed. 689. In the case at bar, however, the claim that the out-of-state rent is nontaxable is not a claim of exception or exemption under a proviso or exemption provision of the statute but is based upon the contention that it was not included in the general provisions of the statute. It is, therefore, manifest that the rule argued by appellant does not apply in this case. Therefore, if the section of the statute is subject to construction, it should be construed strictly against the state taxing body.

But is this statute subject to construction? One of the canons for statutory interpretation is that a statute is not to be read as though open to construction as a matter of course.

Statutory construction may be properly invoked only when the legislative acts contain such ambiguities or obscurities that reasonable minds may disagree or be uncertain as to their meaning. Hahn v. Clayton County, 218 Iowa 543, 255 N. W. 695; Smith v. Sioux City Stock Yards Co., 219 Iowa 1142, 260 N. W. 531; Metropolitan Life Insurance Co. v. Reimer, 220 Iowa 1162, 263 N. W. 826. This rule is stated in 25 R. C. L., at pages 957, 958, as follows:

"Where the language of a statute is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself. * * * In such a case arguments * * * are worse than futile. * * * This is an axiomatic principle; it is embodied in the maxim Expressum facit cessare tacitum (a thing expressed puts an end to implication)."

With this principle in mind let us examine the portions of Code section 6943-f8 material to this case in order to determine whether it contains ambiguities which may reasonably require clarification or explanation. Subsection 1 of this statute defines gross income as that derived from various all-inclusive sources, listing among other things income from real property, also specifically listing rent and then for the evident purpose of obviating any question as to its meaning it includes, "income derived from any source whatever". The income is not limited as to location and the subsection contains no expression nor intimation of any limitation as to space or source. On the contrary it meticulously and repetitiously sweeps aside all exceptions and apparently attempts to cover every source of income from every place. To construe these declarations as not including rent from property without the state would violate their plainly expressed intendment. Even though it had not actually been the intention of the legislature to tax out-of-state rents the words used are so unequivocal and positive that no one may be heard to say the expressions used had some other meaning.

Although the language of the subsection just examined precludes the necessity for further investigation it will be noted that its expressed meaning is inferentially confirmed at other places in the same statute. The only personal income excluded from the tax liability consists of those items specifically listed in subsection 2 of section 6943-f8, and here again no expression

appears from which it may be inferred that income from out-of-state real estate owned by residents is not taxable.

Other provisions of the law contain statements and declarations which persuasively indicate the meaning and intention of the legislature relative to income from rent from property in other states. For example, the legislature in 1937, Acts 47th General Assembly, chapter 184, section 3, added to said Code section 6943-f8 a new subsection number 4 which refers to nonresidents and provides that gross income shall include only that derived from property or other source within this state. Thus, in a case where rents from local and out-of-state realty are not placed upon the same basis for income tax purposes by reason of the taxpayer being a nonresident, the act so states without equivocation.

Turning to section 6943-f9, we find that subsection 3 allows the taxpayer to deduct from gross income, taxes paid not only to Iowa, but to any other state or territory. It is unlikely that the legislature would have adopted a revenue act permitting appellee to deduct from her gross income the real estate taxes paid to Illinois if the rent from this property was not to be taken into account in computing this gross income. Furthermore, subsection 2 of 6943-f9 allows the deduction of all interest paid, except on indebtedness incurred to purchase or carry obligations the interest on which is exempt from taxation. Again the legislative thought may have been indicated—if the taxpayer owed money on securities whose earnings were exempted from taxation, the interest paid by the taxpayer on that indebtedness should not be deducted because to permit this would tend to defeat the purpose of the act as a revenue measure. Had the legislature intended to exempt rents from out-of-state realty it is not unreasonable to assume it would have included in this same subsection a provision that interest paid on indebtedness incurred or secured to purchase or carry such foreign real estate likewise could not be deducted. The same observation may be made relative to the provision for deductions for depreciation, damage, etc., to property used in trade or business, without geographical limitation. The foregoing portions of the act indicate that the legislature was not unmindful of the anomalous situation that would have resulted under the law as interpreted by appellee.

Subsection 8 of section 6943-f9, as added by Acts 47th General Assembly, chapter 184, section 4, gives nonresidents the

same deductions allowed residents but only to the extent that they are connected with income arising from sources within the state and taxable under the act. From this it appears that when the legislature intended to exempt income from out of the state it expressed that intent in so many words. Furthermore, subdivision 1 of subsection a of Code section 6943-f29 which is part of the same legislative act specifically states that rents received by corporations within the state shall be taxable while those received from outside the state shall not be subject to tax.

It is argued by appellee that sound public policy requires that the statute should be construed to the end that taxpayers owning realty in other states be not unduly burdened. As this court said in the recent case of Vilas v. Iowa State Board of Assessment & Review, 223 Iowa 604, 273 N. W. 338, speaking through Justice Mitchell [223 Iowa, at page 620, 273 N. W., at page 346]:

" * * * this court is not interested in the question of whether the income tax law, from the standpoint of public policy, is a good or bad thing for the people of this state. * * * Courts do not make the laws; the legislature is charged with that duty and responsibility, * * *."

However, it appears that in 1937, Acts 47th General Assembly, chapter 184, section 5, the legislature adopted an amendment to this law, section 6943-f15c which contains provisions for reciprocity with other states having similar income tax laws, designed to secure deductions for taxpayers receiving income from sources outside the state of their residence. The enactment of this amendment was presumably for the purpose of aiding the taxpayer in situations similar to the one we have here. In addition it indicates the 1937 legislative view of the meaning of the statute.

Our attention has been called to the construction placed upon a statute similar to the Iowa income tax law by the courts of a sister state. An examination of those decisions indicates that they were based upon constitutional grounds rather than upon statutory construction. The constitutionality of the Iowa law is not questioned. Vilas v. State Board of Assessment & Review, 223 Iowa 604, 273 N. W. 338; People ex rel. Cohn v. Graves, 300 U. S. 308, 57 S. Ct. 466, 81 L. Ed. 666, 108 A. L. R.

721. As we have already noted it clearly covers rents received by a resident of the state from real property located in another state.

Therefore, we hold that said rent was properly taxable as income and the judgment and decree of the district court, insofar as the same set aside the order of appellants and decreed that appellee was not liable for income tax to the State of Iowa thereon, is hereby reversed.—Reversed.

CHIEF JUSTICE and all JUSTICES concur.