[File No. 6727.]

J. H. GOLDBERG, Appellant, v. JOHN GRAY, as Tax Commissioner of the State of North Dakota, Respondent.

(297 N. W. 124.)

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■

Opinion filed March 27, 1941.

■■■■■■■■■■■■■■■

■■■■■

*H. C. Young* and *Francis Murphy,* for appellant.

■■■■■■■■■■■■■■■■

*Alvin C. Strutz,* Attorney General, *C. E. Brace,* Assistant Attorney General, and *T. A. Thompson,* for respondent.

■■■■■■■■■■■■■■■■

Morris, J. The plaintiff is a resident of the state of North Dakota. He is a member of the partnership known as Northern Seed and Grain Company, which does no business in North Dakota. It is located and operates a business in the state of Minnesota. In his North Dakota income tax returns for the years 1937 and 1939, the plaintiff did not include as taxable income for those years the distributive shares due him from the partnership, but paid a personal income tax thereon in the state of Minnesota. The partnership was also taxed in Minnesota.

The State Tax Commissioner of North Dakota assessed an additional income tax against the plaintiff for 1937 and 1938 upon the plaintiff's distributive shares of the partnership, whereupon the defendant deposited the sum of $2,692.02 with the district court of Burleigh county, this sum being the amount claimed to be due by the State Tax Commissioner.

This action is brought under the provisions of §§ 7712a1–7712a15, 1925 Supp. to N. D. Comp. Laws 1913, for a declaratory judgment to have the rights of the parties determined. The complaint sets forth the facts substantially as above outlined. The defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The plaintiff appeals from an order sustaining the demurrer.

The controversy is wholly one of statutory construction. It arises under the income tax act, chap. 312, N. D. Sess. Laws 1923 (§§ 2346a1 et seq., 1925 Supp. to Comp. Laws) and certain amendments which will be later referred to. We quote from pertinent sections.

Section 3. "The tax imposed by this act shall be levied, collected and paid annually with respect to his entire net income not hereinafter exempted received by every resident individual."

Section 5. "Partnerships shall not be subject to tax under this act but the individual members of such partnerships shall be taxable on their share of the net profits of such partnership whether the same are distributed or not."

Section 6. "The tax imposed by this act shall be levied, collected and paid annually with respect to its North Dakota net income, as hereinafter defined, received by every corporation doing business in this state."

Section 7 deals with the allocation and apportionment of income of corporations and sets forth at length rules for the allocation of the

income of corporations that do business both within and without the State of North Dakota.

Section 8 is entitled, "Allocation in Special Cases," and was extensively amended by chap. 283, N. D. Sess. Laws 1931. As amended, the section contains eight subdivisions. The first seven deal with the allocation of the income of corporations wherein it is declared: "Corporations engaged in business within and without the state shall be taxed only on such income as is derived from business transacted and property located within the state."

Subdivision 8 provides that "the income of a partnership shall be allocated to North Dakota and outside North Dakota in the same manner as is hereinbefore provided in the case of corporations."

This subsection appeared verbatim in § 8 of the 1923 Act.

Section 19, chap. 312, N. D. Sess. Laws 1923, provides for the allowance of deductions. In subsection 7, thereof, it is said: "Dividends or income received by any person from stock or interest in any corporation, the income of which shall have been assessed under this act; provided, that when only a part of the income of any corporation shall have been assessed under this act, only a corresponding part of the dividends or income received therefrom shall be deducted. Income tax paid at the source shall be deducted from the amount of tax due."

Section 12, as amended by chap. 253, N. D. Sess. Laws 1933, (§ 2346a11) provides that "a tax is hereby imposed upon every resident of North Dakota, which tax shall be levied, collected, and paid annually with respect to this entire net income as herein defined, computed at the following rates after deducting the exemptions provided in this act:" (rates omitted).

The 1923 Act (§ 16) thus defines net income: "The words 'net income' mean the gross income of an individual or fiduciary less the deductions allowed by this act" (§ 2346a15, 1925 Supp. to Comp. Laws), and in § 17, gross income is defined as, "The words 'gross income' include gains, profits, and income derived from salaries, wages or compensation for personal services of whatever kind and in whatever form paid, or from professions, vocations, trades, business, commerce, or sales or dealings in property, whether real or personal, growing out of the ownership or use of, or interest in, such property; also from interest, rent, dividends, securities or the transaction of any business

carried on for gain or profit, or gains or profits, and income derived from any source whatever. The amount of all such items shall be included in gross income of the taxable year in which received by the taxpayer unless under methods of accounting permitted under this act any such amounts are to be properly accounted for as of a different period." (§ 2346a16, 1925 Supp. to Comp. Laws.)

This section was amended by chap. 253, Sess. Laws 1933, in a manner immaterial to this controversy. The trial court construed the words "from any source whatever" in the paragraph just quoted to include a partner's distributive share coming to him from without the state as well as from partnerships within the state and sustained the demurrer to the complaint.

It is argued by the plaintiff that the meaning of the word "source" as used in defining gross income, refers to the type of business producing the income and does not refer to its geographical location. We agree with the plaintiff's contention as to the definition of the word "source." It means "origin." Holmes, Federal Taxes, 6th ed. p. 396; Webster's International Dictionary, 2d ed.; Jackling v. State Tax Commission, 40 N. M. 241, 58 P. (2d) 1167. However, the source or origin of the income also has a situs. It is the location of the business or activity from which the income is derived. The phrase "from any source whatever" is broad enough to include both the origin and the situs, or, obversely stated, the phrase includes all sources unrestricted by situs or location.

The provision in chap. 312, N. D. Sess. Laws 1923, defining gross income, is identical with the definition of that term contained in paragraph 1 of § 359, chap. 627, Laws of New York, 1919. In Pierson v. Lynch, 237 App. Div. 763, 263 N. Y. S. 259, it was held that profits made upon purchases and sales of real estate located in Ohio were taxable as part of the income received by a resident of New York. This construction of the statute was also recognized in People ex rel. Cohn v. Graves, 246 App Div 335, 286 N. Y. S. 485, and in the decision of the same case on appeal by the court of appeals in 271 N. Y. 353, 3 N. E. (2d) 508, wherein the case was reversed upon grounds other than those dealing with the construction of the statute. See also Ingram v. Bowers (D. C.) 47 F. (2d) 925.

Section 6943–f8, Code of Iowa 1935, as amended by chap. 184 of

the Laws of the 47th G. A., uses the phrase "income derived from any source whatever" in the identical sense and with much of the same context as is used in our statute. In Palmer v. State Bd. of Assessment & Review, 226 Iowa 92, 283 N. W. 415, the court, in construing this statute, said, "Subsection 1 of this statute defines gross income as that derived from various all-inclusive sources, listing among other things income from real property, also specifically listing rent and then for the evident purpose of obviating any question as to its meaning it includes, 'income derived from any source whatever.' The income is not limited as to location and the subsection contains no expression nor intimation of any limitation as to space or source. On the contrary it meticulously and repetitiously sweeps aside all exceptions and apparently attempts to cover every source of income from every place. To construe these declarations as not including rent from property without the state would violate their plainly expressed intendment."

Section 24 of the Tax Code (Code 1936, p. 2404 Appx.) of the state of Virginia, in a similar statute, uses "income derived from any source whatever." In Ryan v. Com. 169 Va. 414, 193 S. E. 534, that state sought to tax income of a resident of Virginia received from a trust, held, managed, and controlled in the state of New York. The question is thus analogous to that in the case before us, wherein a resident of North Dakota contends that he is not required to pay an income tax on his distributive share in a partnership operating wholly in another state. However, the Virginia court held that the income from the New York Trust was taxable as part of the gross income received by the resident of Virginia.

When chap. 312, N. D. Sess. Laws 1923 was enacted, the legislature had in mind that incomes might have sources both within and without the state. It provided in the statute that the income of corporations be allocated between that attributable to "sources within the state" and "sources outside the state" while that of individuals was not allocated. The individual's tax was levied on a net income computed by making statutory deductions from gross income "derived from any source whatever." The only reasonable conclusion to be drawn from this use of these various phrases is that "any source whatever" means all sources, without as well as within the state, except those sources exempted by the act or by the state or Federal Constitutions.

We would now give consideration to subsection (b) of § 8, chap. 312, N. D. Sess. Laws 1923, which has been carried without change into chap. 283, N. D. Sess. Laws 1931. The plaintiff points to its language as being indicative of a legislative intention to treat partnerships and corporations on the same basis with respect to their earnings within and without the state, and argues that unless it is intended to exempt from taxation the distributive share of resident individuals, due from partnerships operating wholly without the state and portions of distributive shares due from partnerships operating partly without the state, the provision would be meaningless. He urges that the only instance in which an allocation could be made effective with respect to the tax would be in the case of a resident individual taxpayer, since under the 1923 Act, nonresidents were not taxed on income derived from sources within the state. The income of nonresidents from property owned or business carried on in this state was not subjected to tax until the enactment of chap. 239, N. D. Sess. Laws 1929. Since, at the time the 1923 Act was passed, no part of the income of nonresidents was taxable, it is argued that there could have been no basis or reason for providing for an allocation of the income of partnerships unless such allocation applied to the distributive share of a resident taxpayer.

If the plaintiff's contention be correct, the interpretation of the definition of gross income heretofore set out must be modified. It must be limited to income derived from any source whatever except that portion of the share of net profits of a partnership attributable to sources outside the state.

A corporation is a legal entity and pays an income tax as such. A partnership "is the association of two or more persons for the purpose of carrying on business together and dividing its profits between them." (N. D. Comp. Laws 1913 § 6386.) A partnership pays no income tax. The individual partners pay such tax on their distributable shares of the net profits of the partnership.

The partners being liable for the tax as individuals, the plaintiff's interpretation of the law leads to one or the other of these conclusions. Subsection b, if applied only to the income of individuals derived from partnerships operating wholly or partly without the state, discriminates in favor of such individuals and against all other individual residents whose income is wholly or partly derived from nonpartnership sources

outside the state. If discrimination is to be avoided under the plaintiff's contention, subsection b, by implication, must be enlarged in its scope and effect to wholly override the commonly accepted interpretation of the phrase "income derived from any source whatever" and render exempt from taxation the income of all resident individuals derived from sources outside of the state.

The plaintiff points to the rule applicable to the interpretation of tax statutes that in case of doubt they are construed most strictly against the government and in favor of the citizen. Gould v. Gould, 245 U. S. 151, 62 L. ed. 211, 38 S. Ct. 53. We do not question the rule. However, the ultimate purpose sought to be attained by the construction of any statute is to arrive at the intention of the lawmaking body that enacted it.

"It may be conceded that no tax can be levied without express authority of law, but the statutes are to receive a reasonable construction with a view to carrying out their purpose and intent." Scottish Union & Nat. Ins. Co. v. Bowland, 196 U. S. 611, 49 L. ed. 619, 25 S. Ct. 345.

The legislature did not intend to discriminate in favor of resident partners as against other resident individuals or to exempt from the income tax all individual income derived from sources outside the state. The interpretation contended for by the plaintiff is inconsistent with the general tenor of the act and with the specific definition of gross income to which we have so frequently referred.

The plaintiff's share in the net profits of the partnership is a part of his gross income, as that term is defined in the income tax statute, and is taxable as such. The complaint does not set forth facts that constitute a cause of action.

Affirmed.

BURR, Ch. J., and CHRISTIANSON, NUESSLE, and BURKE, JJ., concur.