[File No. 6815.]

HARRY STERN, Respondent, v. JOHN GRAY, as Tax Commissioner of the State of North Dakota, Appellant.

(5 NW(2d) 299.)

Opinion filed August 4, 1942.

*Alvin C. Strutz,* Attorney General, *C. E. Brace,* Assistant Attorney General, and *T. A. Thompson,* for appellant.

136

*Conmy & Conmy*, for respondent.

MORRIS, J. The plaintiff and respondent is a resident of North Dakota who has for a number of years been the principal stockholder and an executive in a corporation that operates a clothing business. He filed an income tax report with the State Tax Commissioner, in which he reported his income for the year 1938. Included in this report was an item of $1,437.36, representing a loss resulting from the sale of bonds of private corporations which the plaintiff had purchased at various times during the eight years preceding 1938. The loss was occasioned by the sale of the bonds at prices less than the plaintiff had paid for them. He claimed a deduction for this loss which was disallowed by the tax commissioner who made an additional assessment against the plaintiff of $59.72. This amount was paid under protest. Shortly thereafter the plaintiff applied to the tax commissioner for a revision of the additional assessment. Hearing was had upon this application and the revision denied. This action was brought in the district court for a review of the determination of the tax commissioner. The court decided that the loss in controversy was a proper deduction

from the plaintiff's income and rendered judgment against the tax commissioner for the amount of the payment. From this judgment the tax commissioner now appeals.

The controversy develops out of a disagreement as to the construction to be placed upon paragraph 4 of § 2346a18, 1925 Supplement to Compiled Laws as amended at subsequent legislative sessions. Originally (see § 19, chapter 312, ND Session Laws 1923) this paragraph merely provided for the deduction of "all losses sustained during the income year and not compensated for by insurance or otherwise." The statute was amended by chapter 283, ND Session Laws 1931 and chapter 271, ND Session Laws 1935. By § 2, chapter 241, ND Session Laws 1937, this section was again amended and re-enacted to read as follows: "No losses shall be deducted from the fixed income of the taxpayer derived from salaries, wages, or taxable dividends, but losses actually sustained in the carrying on of any trade or business, sustained within the year and not compensated by insurance or otherwise, may be deducted, provided further that no loss may be allowed in the sale of property purchased and held for pleasure or recreation and *which was not acquired or used for profit,* but this proviso shall not be construed to exclude losses due to theft or the destruction of property by fire, flood, or other casualty, or a loss sustained in any sale of the residence of the taxpayer. In the case of a taxpayer other than a resident of the State, losses shall be allowed only as to transactions in real property or in tangible personal property having an actual situs in this State, and losses in connection with any business, trade, profession or occupation carried on in this State. Provided, however, that the aggregate amount which may be deducted in connection with losses incurred in connection with sale or exchange of capital assets shall not exceed the aggregate gains reported from the sale or exchange of capital assets in any year." (Italics supplied.)

There was also added a paragraph dealing with losses in farming operations with which we are not concerned.

The plaintiff testified that he is a stockholder in the Stern Clothing Company that operates a store in Wahpeton, North Dakota, and that the operation of the store is his principal business. He also testifies

that for the last several years he has been engaged in the business of buying and selling corporate stocks and bonds. The latter business he operates as an individual. He does not operate as a broker. He buys and sells stocks and bonds as investments and for profit. The losses that he suffered through the sales of bonds in 1938, he asserts were losses actually sustained in the carrying on of a business within the meaning of the provisions of the first sentence of the section of the statute in question.

The plaintiff filed an exhibit showing his purchases and sales of securities from 1917 to 1938, inclusive. He made one or more purchases each year except in 1920, 1921 and 1927. The highest number of purchases in any one year was 15 in 1937. In all he made 83 purchases. Of these he still retains 54 and has sold 24. One he has sold in part and four were called. In most instances where sales were made the securities were held for two years or longer. He still retains a number of securities purchased over ten years ago.

The plaintiff in the purchase of securities engaged in an activity for profit. He also made a number of sales from time to time. The sales number less than half of the purchases, the net result being a gradual accumulation of securities owned by the plaintiff. The record is silent as to whether sales other than those that took place in 1938 resulted in profit or loss. Of the 1938 sales, one resulted in a profit and five in losses. A business need not occupy all of one's time nor is an individual precluded from engaging in more than one business. However, every activity engaged in for profit is not a trade or business and the legislature in enacting the statute in question did not intend the phrase "any trade or business" to include every profit activity.

The first sentence of the statute provides for the deduction of two types of losses. The first appears by express words; the second by implication. It is expressly provided that losses may be deducted when actually sustained in the carrying on of any trade or business if sustained within the year and not compensated by insurance or otherwise. Then follows this significant language "provided further that no loss may be allowed in the sale of property purchased and held for pleasure or recreation and *which was not acquired or used for profit.*" By the clause above italicized, it is implied that deductions may be allowed for

losses resulting from the sale of property acquired and used for profit. In order to give a full import to the language used by the legislature we adopt that construction.

The securities purchased by the plaintiff whether sold or not were acquired for profit. Undoubtedly, he acquired them chiefly for purposes of investment, although some may have been acquired for speculation. In either event, he purchased them for profit whether that profit was expected to flow from interest or dividends or from appreciation in the market value of the securities themselves. They constitute property "acquired or used for profit" and losses resulting from the sale of these securities are deductible unless deduction is prevented by some other provision of the statute.

The state contends that though the losses may be in that category known as deductible losses under the provisions of the first sentence of the statute the amount is limited by the last sentence because they arise from the sale of capital assets. It is urged that since the losses in question were incurred in connection with the sale of capital assets they can only be deducted to the extent of gains from the sale or exchange of capital assets during the same year.

Thus the basic question for determination in this case is whether the securities owned and sold by the plaintiff are capital assets within the meaning of the statute under consideration. Our legislature has not seen fit to define the term "capital assets" in this or in any other statute.

The term "capital assets" was first used by our legislature in connection with the subject under discussion in chapter 271, ND Session Laws 1935, wherein the amount of deductions that were allowed was limited by the identical provision that was later incorporated into § 2, chapter 241, ND Session Laws 1937.

The appellant contends that since our legislature failed to provide a definition of its own it will be presumed that the term "capital assets" was intended to have the same meaning as that given to it by the statutes in other jurisdictions at the time of the enactment of our own statute. The appellant then points out that the Federal law contained similar provisions and also a statutory definition of "capital assets."

We find that § 117 (d) of the 1934 Federal Revenue Act, 26 USCA Int. Rev. Acts 1940 ed. p. 709, provided that: "Losses from sales or

exchanges of capital assets shall be allowed only to the extent of $2,000, plus the gains from such sales or exchanges."

Section 117 (b) defined capital assets: "For the purposes of this title, 'capital assets' means property held by the taxpayer (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business."

The respondent argues that the Federal definition is artificial and if the North Dakota Legislature had in mind using the term "capital assets" with the same meaning as was ascribed to it by specific definition in the Federal statute, it would have included in its enactment the same definition as set forth in the Federal Revenue Act and that the omission indicates an intention not to adopt the Federal definition.

It appears that the contentions of the appellant and respondent, as to the effect to be given to the definition in the Federal Act in determining the intent of our legislature, somewhat offset each other. To adopt either theory as controlling in this case would amount to an arbitrary assumption on our part as to what was in the legislative mind when the term "capital assets" was inserted in our law. We must search further in an attempt to ascertain the proper meaning to be ascribed to the term in question.

We find that the legislature of the State of Louisiana in 1934 enacted an Income Tax Law wherein it provided that: "Losses from the sales or exchanges of capital assets shall be allowed only to the extent of the gain from such sales or exchanges." Section 9 (j), Act No. 21 of 1934.

The Louisiana Legislature in that Act did not define "capital assets" although two years later it adopted a legislative definition (Act 143 of 1936). As a result of the failure of the Louisiana Legislature to enact a definition of "capital assets" the identical question now before us came before the Supreme Court of that state in the case of Rathborne v. Collector of Revenue, 196 La 795, 200 So 149. In that case the taxpayer claimed the right to deduct from her gross income, losses sustained in the sale of certain bonds. The Collector of Revenue contended that these losses could be deducted only to the extent of capital gains. The tax-

payer was not, during that taxable year, engaged in the business of buying and selling bonds and securities but the bonds were acquired by her in a transaction entered into by her for profit. The question presented for determination was one of law as to whether the bonds on which the loss was sustained were capital assets. The court determined that they were not. In reaching that determination it held that the securities were acquired in a transaction entered into for profit and unconnected with a trade or business. The court then said: "The words 'capital assets' should be given their usual and ordinary meaning; that is to say, permanent or fixed assets used in a trade or business and not securities acquired by a taxpayer in a transaction entered into for profit unconnected with a trade or business."

In the case before us the securities, the sale of which resulted in loss to the respondent, were acquired by him in a transaction entered into for profit but unconnected with a trade or business. They were purely personal investments and come squarely within the decision of Rathborne v. Collector of Revenue, supra.

We are construing a revenue measure. The rule is established in this and many other jurisdictions that tax statutes are to be construed strictly against the government and in favor of the citizen. Goldberg v. Gray, 70 ND 663, 297 NW 124; Gould v. Gould, 245 US 151, 62 L ed 211, 38 S Ct 53; Palmer v. State Bd. of Assessment & Review, 226 Iowa 92, 283 NW 415; Stone v. Board of Review, 354 Ill 286, 188 NE 430; Rollins v. Heuman, 171 Okla 435, 43 P (2d) 147. In the absence of a legislative definition of "capital assets" the application of that term to the securities acquired by an individual for investment and not connected with a trade or business is extremely doubtful. We are constrained to follow the decision of the Louisiana Supreme Court in Rathborne v. Collector of Revenue, 196 La 795, 200 So 149, supra. We, therefore, hold that the plaintiff's securities were not capital assets.

Some argument is also made by the Tax Commissioner to the effect that the losses or gains as the case may be that arose from these securities were incurred or made from year to year as the market value of the securities fluctuated and that consequently only a small portion of the losses claimed by the plaintiff were incurred during the year 1938. This position is clearly untenable. For income tax purposes we deal

with realized losses and realized gains. Dayton Co. v. Commissioner of Internal Revenue (CCA 8th) 90 F (2d) 767.

"The income tax laws do not profess to embody perfect economic theory. They ignore some things that either a theorist or a business man would take into account in determining the pecuniary condition of the taxpayer. They do not charge for appreciation of property or allow a loss from a fall in market value unless realized in money by a sale." Weiss v. Wiener, 279 US 333, 73 L ed 720, 49 S Ct 337.

The trial court was correct in determining that the losses incurred by the respondent from the sale of his securities were not incurred in connection with the sale or exchange of capital assets. The statute does not limit the amount of such losses that is deductible from the fixed income of the taxpayer. The judgment appealed from is affirmed.

BURR, Ch. J., and BURKE, NUESSLE, and CHRISTIANSON, JJ., concur.