VICTOR T. SMITH, Appellant, v. BOARD OF TRUSTEES OF POLICE-
MEN'S PENSION FUND OF CITY OF DES MOINES et al., Appellees.

No. 46980.

FEBRUARY 11, 1947.

Lappen & Carlson, of Des Moines, for appellant.

Fred T. Van Liew, City Solicitor, and Harvey Bogenrief, Assistant Solicitor, for appellees.

HAYS, J.—Appellant, a member of the Des Moines Police Department since April 11, 1924, was, on April 10, 1946, upon his own application, retired on a pension of $110.75 per month. He had a civil-service rating as clerk of the department in 1944, at which time he was appointed and qualified as acting chief of police. He continued in this position up to and including April 2, 1946, at which time he returned to the position of clerk of the department. The annual salary of the chief of police, as fixed by the city of Des Moines, for the fiscal year commencing April 1, 1945, and ending March 31, 1946, was $4,116; for the fiscal year commencing April 1, 1946, and ending March 31, 1947, it was $4,176; and for clerk of the department it was $2,658.

The Board of Trustees of the Policemen's Pension Fund

granted the pension on the basis of one half of the annual salary of the clerk of the department, on April 10, 1946, which was $2,658, payable in a monthly sum of $221.50. It was and is appellant's contention that the pension should be based, as to amount, not on the salary of clerk of the department but upon the total salary received by him for the last month he worked as a member of the department. For this period he received $310.92, being for twenty days as chief under the annual salary of $4,116, two days as chief under the annual salary of $4,176, and eight days as clerk of the department under the annual salary of $2,658. In a certiorari hearing in the district court the Board of Trustees was confirmed in its decision and the writ annulled. This appeal is from the order annulling the writ.

Appellant urges seven alleged errors on the part of the trial court as a basis for reversal. However, the appeal centers upon one proposition, the answer to which is determinative of all alleged errors. It is, What is the proper construction of section 6315, Code, 1939 (section 410.6, Code, 1946)? Insofar as pertinent here, that section is as follows:

"Any member of said departments who shall have served twenty-two years or more in such department, and shall have reached the age of fifty years * * * shall be entitled to be retired, and upon retirement shall be paid * * * a monthly pension equal to one-half the amount of salary received by him monthly at the date he actually retires from said department."

A statute is open to construction where the language used in the statute requires interpretation—that is, where the statute is ambiguous, or will bear two or more constructions, or is of such doubtful or obscure meaning that reasonable minds might be uncertain and disagree as to its meaning. Palmer v. State Board of Assessment & Review, 226 Iowa 92, 283 N. W. 415; 50 Am. Jur. 204, section 225. However, we do not find the statute in question to be of this nature. The construction contended for by appellant is a strained one. To adopt it would be to ignore a well-recognized rule of construction. Where a word of common use has a plain and well-recognized meaning,

the courts will, as a general rule, give it such a meaning. Blackman v. Wadsworth, 65 Iowa 80, 21 N. W. 190; Flood v. City Nat. Bk., 218 Iowa 898, 253 N. W. 509, 95 A. L. R. 1168; section 4.1(2), Code, 1946.

By the use of the words "monthly," "amount," and "salary," it would seem the legislature intended a definite meaning, and, so far as appears from the statute, that that meaning is their ordinary signification. They are words of common use and have a well-defined and understood meaning. According to Webster's New International Dictionary, *monthly* means "Continued, or in, a month * * * Done, happening, payable, published, etc., once a month, or every month"; *amount* means "The sum total of two or more sums or quantities; the aggregate," and is synonymous with "rate"; *salary* means "The recompense or consideration paid, or stipulated to be paid, to a person at regular intervals * * * fixed compensation. regularly paid, as by the year, quarter, month, or week."

In order to reach the construction contended for by appellant, it is necessary to read the word "monthly," used in the statute, as synonymous with the word "month." The word "month" also has a clear and well-defined meaning, but it is not synonymous with "monthly." It means, according to Webster, "One of the twelve portions into which the year is divided * * * calendar month." Also, see, section 4.1(11), Code of 1946. The trial court, in its ruling, very ably states the difference as follows:

"It should be noted that there is a difference in the meaning of the words 'month' and 'monthly.' The word 'month' refers to a particular time; it is a measure of time, one-twelfth of a year. The word 'monthly' describes something as happening or being done once a month, or once in every month."

Following the recognized rule of giving to commonly used words their commonly used meaning, it was clearly the intention of the legislature to provide for a pension, to be paid once a month, in a sum equal to one half of the total annual compensation the individual is receiving by regular monthly installments at the date he actually retires. This was on April 10, 1946, and

his annual compensation was $2,658, payable $221.50 each month.

The judgment of the trial court annulling the writ was correct and should be and is—Affirmed.

All JUSTICES concur.